**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 4 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD EVAN HARMS,

        Plaintiff - Appellant,

v.

INTERNAL REVENUE SERVICE,

        Defendant - Appellee.

No. 01-3245

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 00-CV-2460-KHV)**

---

Alleen Castellani VanBebber, Mission, Kansas, for Plaintiff-Appellant.

Nancy Landis Caplinger, Assistant United States Attorney, (James E. Flory, United States Attorney, Eric F. Melgren, United States Attorney, with her on the briefs), Topeka, Kansas, for Defendant-Appellee.

---

Before **LUCERO**, **PORFILIO**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I.    INTRODUCTION

Appellant Richard Harms filed this action in federal district court against his former employer, the Internal Revenue Service ("IRS"), alleging he was wrongfully suspended and terminated in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Vocational Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 791 and 794.[1] The district court granted the IRS' motion for summary judgment on Harms' claims relating to his suspension and dismissed the claims relating to his termination for lack of subject matter jurisdiction.  This court has jurisdiction under 28 U.S.C. § 1291 and **affirms**.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Harms was employed as a tax examining assistant by the IRS.  The IRS suspended Harms without pay from April 22 through May 1, 1996.  On April 17, 1996, Harms filed an individual complaint of discrimination (an "EEO complaint") with the Department of the Treasury, Treasury Complaint Center ("TCC").  Harms' EEO complaint alleged that his suspension was the result of retaliation and discrimination based on age, sex, national origin, race, religion,

---

[1] Harms pleaded a violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213.  The district court, however, properly construed Harms' claims as arising under the Rehabilitation Act.

and mental and physical disability. The TCC accepted Harms' EEO complaint for processing on August 12, 1996.

On October 13, 1996, Harms was terminated by the IRS. Harms was informed by the IRS that he could appeal his termination to the Merit Systems Protection Board ("MSPB"). Harms was also informed that if he alleged his termination was based on discrimination, he could either appeal the termination to the MSPB, or raise his discrimination allegation through the IRS discrimination complaint system. He was, however, told that he could not pursue both routes.

On November 14, 1996, Harms appealed his termination to the MSPB. In his appeal, Harms alleged that his termination was the result of retaliation and discrimination on the basis of race, religion, sex, and political affiliation.

On January 9, 1997, the TCC dismissed Harms' EEO complaint regarding his suspension, stating that the appeal of his termination to the MSPB raised the same matters contained in his EEO complaint. Harms was instructed by the TCC to bring the allegations he made in his EEO complaint to the attention of the MSPB.

On January 23, 1997, Harms' brother informed the Administrative Law Judge ("ALJ") assigned to hear Harms' MSPB appeal that Harms had been involuntarily institutionalized and that he was "expected to regain competency

within six months." The ALJ dismissed Harms' appeal without prejudice and ordered that he re-file his appeal by July 23, 1997.

On November 6, 1997, Harms filed a petition to reopen his appeal with the MSPB. On March 4, 1998, the ALJ dismissed Harms' petition on the grounds that he did not timely re-file his appeal with the MSPB after he regained competency on August 2, 1997, the date he resumed taking his antipsychotic medication. Harms filed a petition for review of the dismissal of his appeal which the MSPB denied on July 31, 1998. Harms appealed the final decision of the MSPB to the United States Court of Appeals for the Federal Circuit. The Federal Circuit affirmed the decision of the MSPB on February 14, 2000. Harms filed a petition for writ of certiorari with the United States Supreme Court which was denied on October 2, 2000.

On October 12, 2000, Harms filed this action in the district court alleging that his suspension and termination violated Title VII and the Rehabilitation Act. On February 9, 2001, the IRS filed a motion to dismiss, or in the alternative, for summary judgment. The district court granted summary judgment for the IRS on Harms' claims relating to his suspension, concluding that Harms failed to timely file his civil action and that equitable tolling was not warranted under the circumstances. The district court also dismissed Harms' claims relating to his termination, reasoning that it lacked subject matter jurisdiction to review the

MSPB's dismissal of Harms' appeal for untimeliness and that Harms failed to exhaust his administrative remedies.

## III.   DISCUSSION

### A.   The Civil Service Reform Act

#### 1.  Individual Complaints in Non-Mixed Cases

A federal employee asserting Title VII and Rehabilitation Act claims must file an initial complaint with his agency Equal Employment Office ("EEO").  29 C.F.R. §§ 1614.105(a)(1), 1614.106.  The employee may appeal the final determination of the agency to the federal district court within ninety days of the receipt of the final action or 180 days after the filing of the complaint if no action is taken by the agency.  29 C.F.R. § 1614.407(a)-(b).

#### 2.  Mixed Cases

The Civil Service Reform Act ("CSRA"), provides an alternative mechanism by which a federal employee may assert Title VII and Rehabilitation Act claims that arise out of adverse employment actions which are also appealable to the MSPB.  5 U.S.C. §§ 1201–1222; *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995).  Such cases are referred to as "mixed cases" because the alleged unlawful discrimination is either related to or stems from an employment action over which the MSPB has jurisdiction.  29 C.F.R. § 1614.302(a); 5 C.F.R. § 1201.3.

Under the CSRA, a federal employee may file a mixed case complaint with the agency's EEO department or a mixed case appeal with the MSPB. 5 U.S.C. § 7702(a); 29 C.F.R. § 1614.302; 5 C.F.R. §§ 1201.151-1201.157. A mixed case complaint and mixed case appeal, however, cannot be pursued simultaneously. 29 C.F.R. § 1614.302(b).

If the employee files a mixed case appeal with the MSPB, the MSPB is required to address both the alleged discrimination and the employment action. 5 U.S.C. § 7702(a)(1). When the MSPB issues a decision on a mixed case, the employee may seek *de novo* review of the MSPB's decision in federal district court. 29 C.F.R. § 1614.310(b).

**B. Harms' Suspension Claims**

The individual EEO complaint Harms filed with the TCC was not a mixed case because the MSPB lacked jurisdiction over his ten-day suspension. 5 C.F.R § 1201.3 (2002); 5 U.S.C. § 7702(a)(1)(A). The TCC dismissed Harms' individual EEO complaint on January 9, 1997. Harms, however, waited until October 12, 2000, to file this case in federal district court appealing the dismissal of his individual EEO complaint by the TCC.

The district court granted the IRS summary judgment on Harms' suspension claims by concluding that Harms did not timely file his civil action challenging the TCC's dismissal of his individual EEO complaint and that equitable tolling

was not warranted under the circumstances.  Harms concedes that his civil action was not timely.  29 C.F.R. § 1614.407(a) (providing that an employee who receives an adverse agency decision on his individual EEO complaint may then file a civil action in federal district court within 90 days of the receipt of the final agency action).  He argues, however, that the district court abused its discretion when it decided not to equitably toll the time in which he was required to seek review of the TCC's dismissal of his EEO complaint.

This court typically reviews the district court's grant of summary judgment *de novo*.  *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999).  This court, however, reviews the district court's decision not to apply equitable tolling for an abuse of discretion.  *United States v. Clymore*, 245 F.3d 1195, 1198 (10th Cir. 2001).

The requirement that a plaintiff file a timely civil action after the disposition of an individual EEO complaint is not a jurisdictional requirement, but rather is subject to waiver, estoppel, and equitable tolling.  *Cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996).  Equitable exceptions, however, have been narrowly construed.  *See Biester*, 77 F.3d at 1267.  Harms argues that the time for filing his civil action should have been tolled because: (1) he was not

mentally competent to proceed in a timely manner; and (2) the TCC improperly instructed him to bring his suspension claims before the MSPB.

This court has never held that an individual's mental incapacity entitles him to equitable tolling *Id.* at 1268. In *Biester*, however, we noted that courts which recognize equitable tolling for mental incapacity have limited its application to exceptional circumstances. *Id.* Given the facts of this case as explained more fully below, this court need not reach the issue of whether the statute of limitations for filing a civil action in district court from the dismissal of an individual EEO complaint should be equitably tolled for mental incapacity.

The district court concluded the undisputed facts showed that Harms was mentally competent as of August 2, 1997 when he resumed taking his antipsychotic medication. The district court also noted Harms presented no evidence to explain why he delayed the filing of his complaint for three years after he regained mental competency. Harms, however, argues that the district court failed to request medical records or psychiatric evidence to support its conclusion that he was mentally competent after August 2, 1997. Harms' argument lacks merit. Harms had the burden of establishing his mental competency. *See Biester*, 77 F.3d at 1268-69. Harms failed to present any evidence to the district court that he was mentally incompetent after August 2, 1997, when he resumed taking his antipsychotic medication. Accordingly, after

reviewing the record this court is satisfied that the district court did not abuse its discretion in concluding that equitable tolling was not warranted because Harms failed to proffer any evidence to justify the delay in filing his civil action after August 2, 1997.

Harms also argues that the time for filing his civil action should have been tolled because the TCC improperly instructed him to take his suspension claims to the MSPB. Harms' suspension was for less than fourteen days. The MSPB lacks jurisdiction over appeals from suspensions that are less than fourteen days. 5 C.F.R. § 1201.3. Accordingly, Harms could not have brought his suspension claims to the MSPB even in a mixed case appeal. 5 U.S.C. § 7702(a)(1). While this court recognizes that equitable tolling is permitted when a plaintiff is actively misled or prevented from asserting his rights, there is no evidence in the record that Harms was misled by the TCC's improper instruction because he never attempted to raise his suspension claims in his appeal to the MSPB. *See Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984). Therefore, the district court did not abuse its discretion in concluding that equitable tolling was not warranted on this basis.

## C.     Harms' Termination Claims

The district court dismissed Harms' claims relating to his termination, reasoning that it lacked subject matter jurisdiction to review the MSPB's

dismissal of Harms' mixed case appeal for untimeliness because the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review such decisions. The district court also concluded it lacked subject matter jurisdiction because Harms failed to exhaust his administrative remedies. This court reviews the dismissal of Harms' termination claims for lack of subject matter jurisdiction *de novo*. *Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1191 (10th Cir. 2001).

Harms argues that the district court erred in concluding that the Federal Circuit has exclusive subject matter jurisdiction over MSPB dismissals of mixed cases on procedural grounds. A determination of whether the district court has subject matter jurisdiction to resolve Harms' termination claims requires an examination of the CSRA. Under the CSRA, the Federal Circuit has exclusive jurisdiction to review final decisions of the MSPB in all appeals except those involving "cases of discrimination" filed under § 7702(a)(1). 5 U.S.C. §§ 7702(a)(1); 7703(b)(1), (2). To fall within the ambit of § 7702(a)(1), the employee must (1) "[have] been affected by an action which . . . may [be] appeal[ed] to the [MSPB]," and (2) allege that the basis for the action was unlawful discrimination. 5 U.S.C. § 7702(a)(1).

This court in *Wall*, held that if the MSPB dismisses an appeal on jurisdictional grounds because the adverse employment action alleged is not appealable to the MSPB, the appeal does not involve a "case of discrimination"

-10-

under § 7702(a)(1) and the Federal Circuit has exclusive subject matter jurisdiction to review the dismissal under § 7703(b)(1). *Wall v. United States*, 871 F.2d 1540, 1542-43 (10th Cir. 1989). This court declines to extend the ruling in *Wall* to dismissals by the MSPB on procedural, as opposed to jurisdictional, grounds.[2]

If the MSPB exercises jurisdiction and makes a decision on the merits of both the appealed employment action *and* the discrimination claim, the appeal involves a "case of discrimination" and the federal district court has jurisdiction to review *de novo* the MSPB's decision under § 7703(b)(2). *See Ballentine v. Merit Sys. Prot. Bd.*, 738 F.2d 1244, 1246 (Fed. Cir. 1984). The circuits, however, are split over whether the Federal Circuit has exclusive jurisdiction over the MSPB's dismissal of appeals filed under § 7702(a)(1) on procedural grounds. *Compare Ballentine*, 738 F.2d at 1247 *with Downey v. Runyon*, 160 F.3d 139, 144-45 (2d Cir. 1999).

---

[2] The IRS argues that this court's decision in *Wall* controls this issue. In *Wall*, this court held that the Federal Circuit has exclusive jurisdiction to review the dismissal of a mixed case appeal by the MSPB on jurisdictional grounds. 871 F.2d at 1542-43. The court in *Wall* was not confronted with the issue presented in this appeal—whether a federal district court or the Federal Circuit has jurisdiction to review a dismissal of a mixed case appeal on procedural grounds. Accordingly, the decision in *Wall* is not binding precedent on the issue before the court in this case.

In *Ballentine*, the Federal Circuit held that it has exclusive jurisdiction over the dismissal of an appeal by the MSPB "until issues touching the merits of a discrimination claim are appealed." 738 F.2d at 1247. The Federal Circuit reasoned that its exclusive authority to review decisions by the MSPB is limited only in "cases of discrimination," *i.e.*, mixed case appeals under § 7702(a)(1). *Id.* at 1246-48; 5 U.S.C. § 7703(b)(2). The Federal Circuit noted in *Ballentine* that under § 7702(a)(1), the MSPB must "'decide both the issue of discrimination and the appealable action'" before an appeal can be taken to federal district court. *Ballentine*, 738 F.2d at 1246 (quoting 5 U.S.C. § 7702(a)(1)). From the language of § 7702(a)(1), the *Ballentine* court reasoned, "it is clear that the judicially reviewable action by the MSPB which makes an appeal a 'case of discrimination' under § 7703(b)(2) that can be filed in district court is that the MSPB has decided 'both the issue of discrimination and the appealable action . . . .'" *Ballentine*, 738 F.2d at 1246 (quoting 5 U.S.C. § 7702(a)(1)).

In *Downey*, the Court of Appeals for the Second Circuit rejected the reasoning in *Ballentine* and held that the federal district court, not the Federal Circuit, has subject matter jurisdiction to review the MSPB's dismissal of a mixed case on procedural grounds. 106 F.3d at 144-45. The court in *Downey* reasoned that § 7703(b)(2) deprives the Federal Circuit of jurisdiction over appeals properly filed under § 7702(a)(1). *Id.* Further, the *Downey* court reasoned, there

-12-

is no language in CSRA "that suggests that judicially reviewable actions under subsection (a)(3) of section 7702 are limited to decisions on the merits, or that a matter becomes a '[c]ase[] of discrimination' under subsection (b)(2) of section 7703 only after a merits decision." *Id*. at 145.

It is clear from the language of § 7703(b)(2) that the Federal Circuit lacks jurisdiction to review decisions made by the MSPB in "cases of discrimination" as designated in § 7702(a)(1). 5 U.S.C. § 7703(b)(2). Under § 7702(a)(1), an appeal is a "case of discrimination" if the action is appealable to the MSPB and the employee alleges unlawful discrimination. 5 U.S.C. § 7702(a)(1); *Wall*, 871 F.2d at 1542. Accordingly, when the MSPB decides that it lacks jurisdiction over an appeal because the employment action is not within the MSPB's designated appellate jurisdiction, the appeal is not a "case of discrimination" under § 7702(a)(1). *See Wall*, 871 F.2d 1542-43. A decision need not be reached by the MSPB on the merits of the discrimination issue, however, for the appeal to constitute a "case of discrimination." 5 U.S.C. § 7702(a)(1). This is clear from the statutory language in § 7702(a)(1)(B) which specifies only that the employee must *allege* that a basis for the action was unlawful discrimination for the appeal to fall under § 7702(a)(1).

This court adopts the reasoning in *Downey* and holds that when the MSPB has jurisdiction over an appeal under § 7702(a)(1) but dismisses the appeal on

procedural grounds, the federal district court has jurisdiction to review *de novo* the decision of the MSPB. Accordingly, we conclude the district court erred when it dismissed Harms' termination claims for lack of jurisdiction.

Because we determine that the district court erred in concluding that it lacked jurisdiction over the MSPB's dismissal of Harms' appeal, this court must now address the district court's alternative basis for dismissing Harms' termination claims, *i.e.*, Harms failed to exhaust administrative remedies. Whether a plaintiff has exhausted administrative remedies is a question of law reviewed *de novo*. *Jones v. Runyon*, 91 F.3d 1398, 1400 (10th Cir. 1996). While the district court determined that Harms' failure to exhaust administrative remedies with the MSPB was a jurisdictional bar to filing his civil action, the failure to *timely* exhaust administrative remedies is not a jurisdictional deficiency but rather is in the nature of a violation of a statute of limitations. *Cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Jones*, 91 F.3d at 1400 n.1; *Downey*, 160 F.3d at 145-46.

Under the CSRA, a plaintiff must either file a timely mixed case appeal with the MSPB or a timely mixed case complaint with the agency's EEO department prior to bringing a civil action. 5 C.F.R. § 1201.154 (2002); 29

C.F.R. § 1614.310.[3]  Further, once a plaintiff chooses to file a mixed case appeal

with the MSPB, he must exhaust administrative remedies in that forum prior to

filing a civil action in federal district court.  *McAdams*, 64 F.3d at 1142.  Harms

elected to file a mixed case appeal of his termination with the MSPB on

November 14, 1996.[4]  That appeal, however, was dismissed without prejudice by

the ALJ on January 23, 1997, when the ALJ determined that Harms had been

involuntarily institutionalized and was unable to continue pursuing his appeal.

The ALJ ordered Harms to re-file his appeal by July 23, 1997.  However, Harms

did not attempt to re-file his appeal until November 6, 1997, when he filed a

petition to reopen his appeal.  Accordingly, Harms' mixed case appeal before the

MSPB was not timely, resulting in Harms' failure to exhaust his administrative

remedies.  *See Downey*, 160 F.3d at 145-46.

Harms argues that his failure to timely exhaust his administrative remedies

before the MSPB is excused under a reasonable interpretation of 29 C.F.R. §

---

[3]  The parties assert that Harms may have also failed to exhaust his administrative remedies by failing to appeal the discrimination claim to the Equal Employment Opportunity Commission (the "Commission") prior to filing this civil action.  However, while a plaintiff may appeal a final decision by the MSPB on a discrimination claim to the Commission, he is not required to do so prior to appealing the MSPB's decision in a civil action in federal district court.  29 C.F.R. §§ 1614.303, 1614.310; *Sloan v. West*, 140 F.3d 1255, 1260 (9th Cir. 1998).

[4]  Harms argues that his election to file a mixed case appeal with the MSPB over a mixed case complaint with the TCC constitutes exhaustion of his administrative remedies.  Harms, however, provides no support for this argument.

-15-

1614.302. The interpretation of a regulation is reviewed *de novo* by this court. *United States v. 162 Megamania Gambling Devices*, 231 F.3d 713, 718 (10th Cir. 2000). Under 29 C.F.R. § 1614.302, an employee who files a mixed case appeal with the MSPB that is dismissed on jurisdictional grounds shall be notified of the right to file a mixed case complaint with the agency's EEO department within 45 days of receipt of the notice. 29 C.F.R. § 1614.302(b). Harms was not given the notice required by 29 C.F.R. § 1614.302(b). This regulation, however, is inapplicable in this case. First, 29 C.F.R. § 1614.302(b) is silent as to whether the time period for filing a mixed case complaint with the agency's EEO department is tolled when the employee files a mixed case appeal with the MSPB that is dismissed on procedural, rather than jurisdictional, grounds. *Id*. Second, 29 C.F.R. § 1614.302(b) tolls the time for re-filing a mixed case complaint with the agency's EEO department and does not address the basis of Harms' failure to exhaust, *i.e.*, failure to timely file an appeal with the MSPB. *Id.* Accordingly, application of 29 C.F.R. § 1614.302(b) does not support Harms' argument.

To the extent Harms argues that his failure to exhaust by filing a timely appeal with the MSPB should be excused because of his mental incompetence, the district court found that Harms was mentally competent on August 2, 1997. Harms, however, did not file his petition to reopen his MSPB appeal until November 6, 1997. The district court concluded that Harms did not present any

evidence to justify his delay in proceeding with his suspension claims after August 2, 1997. Accordingly, Harms is similarly not excused for failing to exhaust his administrative remedies prior to bringing the appeal of his termination claims.

Therefore, while the district court had jurisdiction to review the MSPB's dismissal of the termination claims, Harms failed to timely file his appeal with the MSPB and, thus, failed to exhaust his administrative remedies. Because Harms has not demonstrated that his failure to exhaust administrative remedies should be excused, the district court properly dismissed his termination claims.

## IV. CONCLUSION

For the foregoing reasons, this court **affirms** the district court's grant of summary judgment to the IRS on Harms' suspension claims and dismissal of Harms' termination claims.