**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY R. EDWARDS,

  Plaintiff-Appellant

v.

JOHN E. POTTER, Postmaster General,
United States Postal Service,

  Defendant-Appellee.

No. 06-5073

(D.C. No. 04-CV-803-CVE-FHM)
(N. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

ordered submitted without oral argument.

Larry Edwards, appearing pro se, appeals the district court's dismissal of his case

for lack of subject matter jurisdiction.  We exercise jurisdiction under 28 U.S.C. § 1291

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

and affirm.

Edwards alleged in his complaint that the defendants harassed and terminated him on the basis of race in violation of Title VII of the Civil Rights Act of 1964. The defendants moved to dismiss the case or, in the alternative, for summary judgment, on the ground that Edwards had not exhausted his administrative remedies before filing suit. The district court agreed with the defendants, concluding that the Merit Systems Protection Board ("MSPB") had denied Edwards' petition as untimely and that Edwards had failed to file a timely appeal of the MSPB's decision to the United States Court of Appeals for the Federal Circuit. As a result, the district court dismissed Edwards' complaint for lack of subject matter jurisdiction. On appeal, Edwards does not dispute these facts, but rather contends that the district court improperly employed the standard for summary judgment.

We review a dismissal for lack of subject matter jurisdiction de novo. High Country Citizens Alliance v. Clarke, 454 F.3d 1177, 1180 (10th Cir. 2006) (citations omitted). The defendants now contend that the district court came to the right result (dismissal) for the wrong reason (lack of subject matter jurisdiction). The district court concluded that only the Federal Circuit has subject matter jurisdiction to hear an appeal of a dismissal by the MSPB for untimeliness. This analysis conflicts with this circuit's decision in Harms v. IRS, 321 F.3d 1001 (10th Cir. 2003). There, we held that a district court has subject matter jurisdiction to perform a de novo review of an MSPB decision dismissing a case on procedural grounds, such as untimeliness. Id. at 1008. The district

court therefore had subject matter jurisdiction over Edwards' case.

Even though Harms cuts against the defendants as regards the district court's ruling on subject matter jurisdiction, it supports the defendants as regards their failure-to-exhaust defense. Harms held that "once a plaintiff chooses to file a mixed case appeal with the MSPB, he must exhaust administrative remedies in that forum prior to filing a civil action in federal district court." Id. at 1009 (citing McAdams v. Reno, 64 F.3d 1137, 1142 (8th Cir. 1995)). In Harms, we determined that the plaintiff had failed to exhaust his administrative remedies because he did not timely file an appeal with the MSPB, thereby resulting in dismissal of his claims in federal court. Id.

Similarly, it is undisputed on appeal that Edwards did not timely file his appeal with the MSPB. Because Edwards did not timely file an appeal with the MSPB, Edwards did not exhaust his administrative remedies before the MSPB, and we must dismiss his case as a result. Even though the district court did not rely on this precise ground to dismiss Edwards' case, "we are 'free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.'" Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir. 1988) (per curiam) (citations omitted).

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge