**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 19, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER C. CARSON,

Plaintiff-Appellant,

v.

CUDD PRESSURE CONTROL, INC.,
a foreign corporation; RPC INC.,
a foreign corporation,

Defendants-Appellees.

No. 07-6199
(D.C. No. 07-CV-421-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

Plaintiff Christopher C. Carson was employed as a well control specialist at

Cudd Pressure Control, Inc. for twenty years. In 2002, he was diagnosed with a

chronic condition and began taking a prescription medication that limited his

ability to function. Mr. Carson was relieved of his job duties, placed on

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

disability, and finally terminated from his employment. In submissions to the Equal Employment Opportunity Commission (EEOC), Mr. Carson claimed that his discharge violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. He filed this suit upon receipt of a right-to-sue letter from the EEOC.

The district court determined that Mr. Carson's EEOC filing was untimely, calculating from the date the EEOC issued its formal Charge of Discrimination, rather than the date Mr. Carson initiated the administrative process. It dismissed the case for failure to demonstrate timely exhaustion of administrative remedies. After reviewing the district court's order *de novo*, *see Harms v. IRS*, 321 F.3d 1001, 1009 (10th Cir. 2003), we reverse and remand for further proceedings based on the principles expressed in *Federal Express Corp. v. Holowecki*, 128 S. Ct. 1147 (2008).

I.

For Mr. Carson's ADA claims to be timely, he must have filed an administrative "charge" within three hundred days after his November 30, 2004, discharge: that is, by September 26, 2005. *See* 42 U.S.C. § 2000e-5(e)(1).[1] In

---

[1] The ADA incorporates § 2000e-5(e)(1), which is a Title VII provision applicable to deferral states like Oklahoma. 42 U.S.C. § 12117(a); *see also Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1206 & n.3 (10th Cir. 2007) (explaining filing times in deferral states, which are those states that have "an agency empowered to investigate employment discrimination").

his complaint, Mr. Carson alleged that he had "exhausted his administrative remedies by filing a Charge of Discrimination with the EEOC, the Charge being issued on February 3, 2006." Aplt. App. at 7.

Defendants moved for dismissal. They argued that, according to the plain language of the complaint, Mr. Carson's EEOC charge was filed after the 300-day deadline.[2] Thus, they asserted, Mr. Carson's case was time-barred and should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Mr. Carson responded by submitting additional background information on the filing of his charge. He proffered documents indicating that, on September 9, 2005 (within 300 days of his discharge), he had completed, signed, and delivered three verified EEOC questionnaires and an affidavit stating claims of discrimination based on a disability or a perceived disability. To augment and clarify his complaint, Mr. Carson stated that "the EEOC charge was not **filed** with

---

[2]      Defendants' motion also noted that the EEOC formal charge did not name defendant RPC, Inc., Cudd's parent company, and did not mention a failure-to-accommodate theory. According to defendants, these omissions meant that the district court lacked subject-matter jurisdiction over all claims against RPC and any claims against Cudd except for wrongful termination. Although these issues are discussed in the parties' appellate briefs, the district court reached its decision without analyzing them. Particularly in the absence of a developed record, we do not "examin[e] and resolv[e] the merits of these contentions." *Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1310 (10th Cir. 2007). Instead, "we adopt the better practice of leaving the matter to the district court in the first instance." *Id.*

the EEOC on February 3, 2006.  Rather, the EEOC charge was **issued**" on that date.  Aplt. App. at 38.  He also provided instances in which the EEOC referred to his September 2005 filing as a "charge."  *Id.* at 40-41.

The district court ruled in favor of defendants.  Although the district court order discussed the initial EEOC documents, it nevertheless found that Mr. Carson had not filed a timely charge.[3]  Based on that finding, the district court dismissed the case under Fed. R. Civ. P. 12(b)(6).[4]

## II.

After the district court issued its order, the Supreme Court resolved two issues directly relevant to this case:  "what is a charge" in an

---

[3]     In his response, Mr. Carson asked the district court to treat the dismissal motion as a summary judgment motion and to consider his proffered EEOC documents.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"and the parties must be given "a reasonable opportunity to present all the material that is pertinent to the motion".).  The district court did not follow the general rule that "a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Alvarado v. KOB-TV, LLC,* 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation omitted).  This procedural issue, however, is not specifically raised on appeal.

[4]     The district court also dismissed the action for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).  As we have previously stated, the *filing* of a charge is jurisdictional, but the *timeliness* of that charge is not.  *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1174-75 (10th Cir. 1998)  ("[T]imely filing of a discrimination charge with the EEOC is not a jurisdictional prerequisite to a suit in federal court;" instead, "it is best likened to a statute of limitations . . . subject to waiver, estoppel and equitable tolling.").

employment-discrimination matter "[a]nd were [the plaintiff's EEOC intake documents] a charge?" *Holowecki*, 128 S. Ct. at 1153. On the first issue, the Court gave deference to the EEOC's statutory interpretation and determined that, to be considered a charge, a plaintiff's documents must provide "the information required by the regulations, *i.e.*, an allegation and the name of the charged party," and also "it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id.* at 1157-58. The Court acknowledged "that under this permissive standard a wide range of documents might be classified as charges," but found this result "consistent with the design and purpose of the ADEA," particularly because most charges were filed by laypersons. *Id.* at 1158. The standard would also serve to "separate information requests from enforcement requests." *Id.* at 1157.

The Court resolved the second question in favor of the *Holowecki* plaintiff, determining that his completed intake form and accompanying affidavit provided all of the necessary information and, properly construed, amounted to "a request for the agency to act." *Id.* at 1159-60. It did not matter that the plaintiff subsequently filed a formal, but untimely, charge. *Id.* at 1160.

In this case, Mr. Carson filled out forms similar to those discussed in *Holowecki*. His EEOC submissions included his allegations of discrimination and the name of his employer. Additionally, his stated "expectations" of "back pay,

-5-

front pay, reinstatement of stock incentives," demonstrate an intent to seek EEOC assistance in enforcing his perceived rights. Aplt. App. at 52. Under the *Holowecki* standard, Mr. Carson's intake forms constitute a charge.

And we are unpersuaded by defendants' argument that we should disregard these forms because the complaint did not mention them. This court has noted that "it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint." *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001). Mr. Carson's allegation that the charge "was issued" on February 3, 2006, does not contradict or rule out the later assertion that the EEOC received his intake forms on September 9, 2005. In light of the significance that the Supreme Court has accorded these documents, it is appropriate to consider them in our review of the district court's ruling.

"Dismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks 'enough facts to state a claim to relief that is plausible on its face.'" *United States ex rel. Conner v. Salina Reg'l Health Ctr.*, 543 F.3d 1211, 1217 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (further quotation omitted)). Mr. Carson's complaint, along with his filing in response to defendants' dismissal motion, set out plausible indications of timely exhaustion of administrative remedies. We conclude that the district court

erred in dismissing Mr. Carson's action and therefore REVERSE and REMAND

for further proceedings consistent with this order and judgment.


Entered for the Court


Michael W. McConnell
Circuit Judge