FILED
United States Court of Appeals
Tenth Circuit

June 17, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JASON GORMAN,

  Plaintiff-Appellant,

v.

CITY OF OLATHE, KANSAS;
J. MICHAEL WILKES, City Manager;
STEVE MENKE, Chief of Police,

  Defendants-Appellees.

No. 13-3315
(D.C. No. 2:13-CV-02246-RDR-KGS)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **McHUGH**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

Jason Gorman appeals from the district court's order granting the defendants'

motion to dismiss on the grounds that his suit under 42 U.S.C. § 1983 was time

barred.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

Mr. Gorman worked for several years as a police officer for the City of Olathe, Kansas, until he was fired in February 2011. He filed an appeal and requested a name-clearing hearing. When Mr. Gorman failed to show up for a March 2 hearing, the matter was rescheduled for March 7. But on March 4, Mr. Gorman's lawyer wrote that Mr. Gorman, a member of the Kansas Army National Guard, would be deployed on March 6 and could not attend the March 7 hearing. Nonetheless, city officials convened the hearing on March 7, without Mr. Gorman or his lawyer. That same morning the hearing officer wrote to Mr. Gorman to explain that "[r]epresentatives of the City of Olathe and all witnesses requested by you were present [this morning] and prepared for the hearing." Aplt. App. at 33. The officer requested a copy of Mr. Gorman's military orders and stated that "[i]f a copy of the orders is provided in a timely manner the appeal hearing will be continued to a future date after your return . . . [otherwise] your recourse via this appeal hearing will be forfeited." *Id.*

Later in the day on March 7, police department officials learned from Mr. Gorman's commanding officer that he would not be deployed for several months. Separately, police officials also learned that Mr. Gorman had been at home that morning. The assistant city attorney wrote immediately to Mr. Gorman's lawyer advising him that "[s]ince Mr. Gorman did not depart on Sunday [March 6] as the City was informed, and will not depart until July or August 2011, the City will

consider Mr. Gorman's request for an appeal [hearing] as a closed matter. No further hearings will be scheduled." *Id*. at 36.

Several months later, Mr. Gorman's lawyer responded to the March 7 letter. He characterized the City as having rejected Mr. Gorman's request for a name-clearing hearing, and explained that his response was "delayed due to communication difficulties with [Mr. Gorman] stemming from his deployment to Afghanistan." Aplt. Sealed App. at 46. He accused the City of jumping to erroneous conclusions about the circumstances of Mr. Gorman's deployment, and demanded "a name-clearing hearing within sixty (60) days of his return from Afghanistan. . . . If, within 30 days of the date of this letter, we have not received written confirmation that the City will comply with [this] demand," suit will be filed for violation of Mr. Gorman's due process rights. *Id*. at 47. The City responded in August that its "decision of March 7 . . . stands. The City will not afford Mr. Gorman any further opportunities to participate in a hearing." *Id*. at 49.

On May 22, 2013, Mr. Gorman filed suit claiming that the defendants refused to give him a name-clearing hearing. During the litigation, the defendants learned for the first time Mr. Gorman was not deployed to Afghanistan as part of a military unit. Instead, Mr. Gorman explained that "[d]uring the investigation leading to the termination of my employment, I began seeking opportunities to deploy to Afghanistan earlier. I found that opportunity with Department of Defense contractor AECOM which was providing counter-intelligence personnel for the War on Terror in Afghanistan." *Id*. at 20. After several fits and starts, Mr. Gorman traveled on

March 13, 2011, to AECOM's facility in Virginia, and on to Afghanistan later that month.

The defendants moved to dismiss on the ground that Mr. Gorman's suit was barred by the two-year statute of limitations. In response, Mr. Gorman argued that his cause of action did not accrue until August 2011, and alternatively, even if his cause of action accrued in March, 2011, it should be tolled under Kansas's doctrine of equitable tolling.

The district court treated the motion to dismiss as one for summary judgment. It held that Mr. Gorman's cause of action accrued on March 7, 2011. It further held that there were no extraordinary or exceptional facts to justify application of the doctrine of equitable tolling, and it dismissed Mr. Gorman's suit as time barred. This appeal followed.

## Discussion

Mr. Gorman concedes that his cause of action accrued on March 7, 2011, and that Kansas's two-year statute of limitations applies to his claim. He also admits that he is not entitled, per se, to the statutory protection of the Servicemembers Civil Relief Act (the Act), 15 U.S.C. § 501-96. *See* § 502(1) ("The purpose[] of [the] Act [is] [] to provide for, strengthen, and expedite the national defense through protection extended by this Act . . . to servicemembers of the United States.") and § 526(a) ("The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court."). He argues, however, that because his job with

AECOM was virtually identical to what his work would have been as a member of the Kansas Army National Guard, the district court should have expanded Kansas's doctrine of equitable tolling to include the time that Mr. Gorman was out of the country.

Because Kansas's two-year statute of limitations applies to Mr. Gorman's suit, Kansas's law concerning equitable tolling also applies. *Fogel v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). Although "[t]his court typically reviews the district court's grant of summary judgment *de novo*[,] . . . [we] review[] the district court's decision not to apply equitable tolling for an abuse of discretion." *Harms v. IRS*, 321 F.3d 1001, 1006 (10th Cir. 2003). "[A] court abuses its discretion only when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1086 (10th Cir. 2013) (internal quotation marks omitted).

"In a diversity case like this one, . . . our task is not to reach our own judgment regarding the substance of the common law, but simply to ascertain and apply the state law." *Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1295 (10th Cir. 2010) (internal quotation marks and alteration omitted). Under Kansas law, equitable tolling applies where a defendant has acted or withheld material knowledge to induce a delay in filing a cause of action. *Friends Univ. v. W.R. Grace & Co.*, 608 P.2d 936, 941 (Kan. 1980). In this case, the defendants did nothing to induce Mr. Gorman's delay in filing his cause of action. To the contrary, Mr. Gorman chose to take up

employment in a remote location.  We agree with the district court that the similarity of Mr. Gorman's employment to his duties as a member of the Kansas National Guard, "is [not] a sufficient[ly] extraordinary or exceptional circumstance for a Kansas court to equitably toll the running of the statute of limitations."  Aplt. App. at 77.  More to the point, there is no Kansas law suggesting that the doctrine of equitable tolling should be expanded to excuse the late filing of a cause of action where the plaintiff created the conditions resulting in the delay.

The judgment of the district court is affirmed.  Mr. Gorman's motion to file Appellant's Appendix of Sealed Documents under seal is denied, except as to Attachment J at 44.  Mr. Gorman is ordered to submit a copy of Attachment J that redacts his social security number, birthdate, and passport number within fourteen (14) days of the entry of this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge