**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 28, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GORDON C. REID,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 14-6206
(D.C. No. 5:12-CV-01416-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

## I.  BACKGROUND

Federal prisoner Gordon C. Reid appeals from the dismissal of his complaint

against the United States under the Federal Tort Claims Act (FTCA) for damages he

allegedly sustained from another prisoner assaulting him on September 22, 2010.

Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

The complaint alleged the United States was negligent in failing to prevent the

assaults.  The district court, adopting the magistrate judge's recommendation, dismissed

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  It determined the complaint was untimely under 28 U.S.C. § 2401(b), which provides that an FTCA claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."

Mr. Reid filed his administrative tort claim with the Bureau of Prisons ("BOP") on November 19, 2012.  He admitted in district court that he did so after the statutory two-year deadline, but he argued the deadline should be equitably tolled.  The court determined Mr. Reid's lack of diligence precluded equitable tolling.  It also rejected his related argument for equitable estoppel.

We note the Supreme Court's recent decision in *United States v. Kwai Fun Wong*, 135 S.Ct. 1625 (2015), holding that § 2401(b)'s time limits are nonjurisdictional and therefore subject to equitable tolling.  The district court's decision preceded *Kwai Fun Wong*.  It adopted the magistrate judge's Report and Recommendation, which assumed that equitable tolling and equitable estoppel applied, analyzed those issues, and found that Mr. Reid had failed to present sufficient evidence to justify equitable relief from § 2401(b).[1]

## II.  **DISCUSSION**

In light of *Kwai Fun Wong*, the timeliness of Mr. Reid's administrative tort claim under § 2401 is a nonjurisdictional issue, enabling him to seek equitable relief.  He attempted to do so in the district court, where both parties submitted evidence on this

_____

[1] On August 24, 2015, Mr. Reid moved for an extension of time to file a reply brief.  On August 26, 2015, we granted the motion.  As of the date of filing this Order and Judgment, the clerk's office has not received a reply brief from Mr. Reid.

- 2 -

issue. The proper procedural motion to dismiss was not a Rule 12(b)(1) motion but rather a Rule 12(b)(6) motion or a Rule 56(a) motion for summary judgment.

Because the parties presented evidence beyond the pleadings, we consider the Government's motion and the district court's order as one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (stating that "[b]ecause the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion" (internal quotation marks omitted)).

We review a district court's grant of summary judgment de novo and its decision to deny equitable tolling for an abuse of discretion. *See Harms v. IRS*, 321 F.3d 1001, 1006 (10th Cir. 2003). We view "the evidence in the light most favorable to the non-moving party." *Zisumbo v. Ogden Reg'l Med. Ctr.*, 2015 WL 5172860, at *5 (10th Cir. Sept. 4, 2015). "[A]lthough our review [in a summary judgment case] is de novo, we conduct that review from the perspective of the district court at the time it made its ruling, ordinarily limiting our review to the materials adequately brought to the attention of the district court by the parties." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). The materials before the district court in this case were the affidavit of Mr. Reid and the declaration of Deborah Locke, a BOP attorney at the Federal Transfer

Center in Oklahoma City, and the exhibits accompanying both of them. ROA at 79-102, 115-369.

## A. *Equitable Relief*

### 1. **Equitable tolling**

Under "long-settled equitable-tolling principles, generally a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Barnes v. United* States, 776 F.3d 1134, 1150 (10th Cir. 2015) (quotations and citations omitted).

In district court, Mr. Reid filed an affidavit in opposition to the Government's motion to dismiss. In it he asserts that prison officials prevented or interfered with his filing a timely claim because they (1) placed him in administrative segregation on April 23, 2012, which blocked access to his legal documents and limited his ability to do legal research; (2) refused to answer his requests for Form 95, which he understood from BOP publications was required to file his claim; and (3) denied him access to his personal property, which contained information that would have enabled him to file his claim. ROA at 79-88. He repeats these points in his appellate brief.

In her declaration, Ms. Locke contests many of Mr. Reid's factual assertions. But in its appellate brief, the Government states that summary judgment would not be appropriate if resolution of the tolling issue turned on these facts. Aplee. Br. at 23 n.6. It points out, however, that during the 19 months from September 22, 2010, the date Mr. Reid's claim accrued, to April 23, 2012, the record lacks evidence that Mr. Reid pursued

his claim or that any circumstances prevented him from doing so. The Government suggests this is enough to deny equitable tolling.

Mr. Reid's inaction during the first 19 months may be a factor in the equitable tolling analysis, but litigants often file late in a limitations period, and § 2401(b) allowed Mr. Reid 24 months to file his administrative claim. Mr. Reid's tolling claim calls for looking at the circumstances as a whole and balancing the equities accordingly. *See Tosco Corp. v. Koch Industries, Inc.*, 216 F.3d 886, 894 (10th Cir. 2000). In other words, the facts alleged in Mr. Reid's affidavit are relevant to the tolling issue, and the Government's concession that the roadblocks alleged there are not amenable to summary judgment points to a remand for further consideration.

2. **Equitable estoppel**

To establish equitable estoppel against the government, "(1) the party to be estopped must know the facts; (2) he must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *Tsosie v. United States,* 452 F.3d 1161, 1166 (10th Cir. 2006) (quoting *Lurch v. United States,* 719 F.2d 333, 341 (10th Cir. 1983)) (internal quotation marks omitted). The plaintiff must make a showing of "affirmative misconduct" on the part of the government. *Id*.

Mr. Reid argued in district court that he should be allowed to proceed under the doctrine of equitable estoppel, alleging that prison officials gave him BOP publications instructing him that he must file his administrative claim only on Form 95 when, in fact,

he could have used alternative written notice for his claim. ROA at 80-81, 83. He also attached to his affidavit four exhibits—BOP publications—all stating that he "must complete a Standard Form 95." ROA at 88-98. The Government argues that the prison officials' failure to provide Form 95 to Mr. Reid does not amount to the "affirmative misconduct" required for equitable estoppel. Aplee. Br. at 26. But that argument does not address Mr. Reid's claim that he was misled into thinking he had to use Form 95. Mr. Reid states in his affidavit that he relied on the BOP instructions. The Government's pointing to his access to legal materials via computer research that would have provided complete instructions is not a convincing antidote in light of his understandable reliance on official BOP documents.

\* \* \* \*

The magistrate judge recommended dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. She nonetheless considered and rejected the nonjurisdictional equitable relief arguments. The Supreme Court in *Kwai Fun Wong* held that the time limit in 28 U.S.C. § 2401(b) is nonjurisdictional. Because the parties submitted evidence outside the pleadings, the Government's motion to dismiss the complaint should be considered as a motion for summary judgment. In its brief, the Government concedes that factual assertions in Mr. Reid's affidavit in support of equitable relief are not amenable to summary judgment, but it argues that his lack of diligence for 19 months of the two-year limitations period is enough for us to affirm. Aplee. Br. at 23 & n.6. Although the magistrate judge's Report and Recommendation relies on this point, it does so only in part, and it is not clear

whether the district court would have denied equitable tolling on this ground alone. Under these circumstances, we reverse and remand for further consideration, including whether an evidentiary hearing is in order.

## B. *Jurisdiction Under § 28 U.S.C. § 1346(b)(6)*

For the first time on appeal, the Government argues lack of subject matter jurisdiction because Mr. Reid's "proferred Amended Complaint" did not adequately plead negligent or wrongful government action "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). When Mr. Reid filed his opposition to the motion to dismiss, he also moved for leave to file the Amended Complaint. The district court did not rule on that motion. Under these circumstances, the district court should determine the status of the Amended Complaint in the first instance and address the Government's argument as appropriate.

## III. **CONCLUSION**

We reverse and remand for further proceedings consistent with this opinion. We grant Mr. Reid's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge