FILED
United States Court of Appeals
Tenth Circuit

April 13, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TROY DEWAYNE HOWARD,

    Defendant - Appellant.

No. 19-6176
(D.C. No. 5:18-CV-00897-D &
5:13-CR-00165-D-1
(W.D. Okla.)

_____

**ORDER**
_____

Before **LUCERO, BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This is Mr. Troy Dewayne Howard's collateral challenge to a federal

conviction.[1] A one-year limitations period applies, 28 U.S.C. § 2255(f), but

Mr. Howard waited four years to begin this collateral challenge. The

federal district court thus dismissed the challenge as untimely, and Mr.

Howard wants to appeal.

To appeal, he needs a certificate of appealability. 28 U.S.C.

§ 2253(c)(1)(B). We can grant the certificate only if Mr. Howard's

---

[1]    The conviction was for distribution of child pornography. 18 U.S.C.
§ 2252A(a)(1).

appellate argument is reasonably debatable. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

In the absence of tolling, the one-year period of limitations would have expired before Mr. Howard brought this challenge. The one-year period of limitations started when Mr. Howard's conviction became final. *See* 28 U.S.C. § 2255(f)(1).[2] Mr. Howard's sentencing took place on January 30, 2014, and Mr. Howard did not appeal, so his conviction became final on Monday, March 3, 2014. But Mr. Howard waited until September 5, 2018, to mail the collateral challenge to the court clerk. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998) (stating that a prisoner's habeas petition is deemed "filed" when placed in the prison's mail system).

Mr. Howard argues that the district court erred by failing to adequately consider the possibility of equitable tolling. Under equitable tolling, a claimant can obtain additional time by showing that (1) the claimant was pursuing his or her rights diligently and (2) the delay was caused by an "extraordinary circumstance" beyond his or her control. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

We have never found equitable tolling based on a claimant's mental capacity. *See Harms v. IRS*, 321 F.3d 1001, 1006 (10th Cir. 2003). But we

---

[2]    In some circumstances, the one-year period runs from a different date. *See* 28 U.S.C. § 2255(f). But these circumstances do not apply here.

can assume for the sake of argument that mental disease and intellectual deficits could justify equitable tolling. Even with this assumption, however, Mr. Howard would "bear a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Mr. Howard seeks to satisfy this burden based on a letter and psychological evaluation, but these documents would not trigger equitable tolling.

In the letter, Mr. Howard requested an attorney. By the time of the letter, however, the limitations period had already expired. So equitable tolling would not have salvaged the collateral challenge. *See Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (concluding that a federal habeas petition was not tolled based on time in state collateral proceedings when the prisoner did not file in state court until expiration of the federal deadline).

The psychological evaluation reflected diagnoses of borderline intellectual functioning, schizoaffective disorder, and bipolar disorder. But the psychological evaluation did not show that Mr. Howard was incompetent to participate in legal proceedings or unable to pursue his legal claims. Without such a showing, the court cannot toll the one-year period of limitations. *See Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1998) (concluding that the limitations period was not

3

tolled in the absence of an adjudication of incompetency, institutionalization, or inability to pursue the claim).[3]

Given the indisputable failure to justify equitable tolling, no reasonable jurist could question the correctness of the district court's ruling. We thus decline to issue a certificate of appealability. In the absence of a certificate, we also dismiss the appeal. *See* p. 1, above.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[3] Mr. Howard does not present evidence that institutionalization prevented him from meeting the filing deadline. Although Mr. Howard has a history of mental health treatment, his last treatment reportedly occurred in 2009.