Lawana POWELL, Appellant,

v.

DEPARTMENT OF DEFENSE, Appellee.

No. 97–5326.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 2, 1998.

Decided Nov. 3, 1998.

Mark S. Davies argued the cause for appellant. With him on the briefs was Gary A. Orseck.

David T. Smorodin, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were Wilma A. Lewis, U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney.

Before: HENDERSON, RANDOLPH, and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

Lawana Powell had been a longtime federal employee when, in 1995, she was—according to her lights—constructively terminated from her job as a personnel security specialist in the Department of Defense. In response to some unexplained absences—a source of suspicion in a security-conscious agency like the Defense Department—Powell was given the choice of accepting reassignment to a non-sensitive temporary position or submitting to immediate termination. She chose the former. Powell's temporary position expired on March 31, 1995, and, due to "regionalization and reinvention," it was not renewed.

Powell appealed the agency's action to the Merit Systems Protection Board ("the Board") as a "mixed case" appeal, that is, an appeal alleging both a Board-jurisdictional agency action and a claim of unlawful discrimination. See 5 U.S.C. §§ 7702, 7703(b)(2); 29 C.F.R. § 1614.302(a)(2). Notwithstanding Powell's claim that her separation from the Department had been involuntary, the Board dismissed her appeal, stating that she had "not raised issue[s] of fact sufficient to support her claim of jurisdiction." Because Powell had chosen to accept reassignment, the Board reasoned, her termination had been voluntary. The Board has no jurisdiction over cases involving voluntary terminations, see 5 U.S.C. § 7512; 5 C.F.R.

§ 752.401(9), and it determined that Powell's case was therefore outside its jurisdiction.

The Board supplies a standard notice to unsuccessful appellants warning that judicial review of adverse decisions lies in the U.S. Court of Appeals for the Federal Circuit. Despite this notice, Powell filed in the district court, pursuant to 5 U.S.C. §§ 7702(a)(1) and 7703(b)(2). These provisions grant jurisdiction to the district courts to review adverse Board decisions in mixed cases. The district court, however, ruled that Powell's case was not a true mixed case because it included only a discrimination claim and not a Board-jurisdictional claim. The court therefore dismissed for lack of jurisdiction.[1] The court relied upon *Ballentine v. Merit Systems Protection Board,* 738 F.2d 1244, 1247 (Fed.Cir.1984), which recognized an exception to the district courts' jurisdiction for mixed cases in which the Board has dismissed, not on the merits, but on jurisdictional or procedural grounds. The district court therefore ruled that jurisdiction over Powell's appeal was proper only in the Federal Circuit because the Board had dismissed on jurisdictional grounds rather than on the merits. It is now too late for Powell to seek review of the Board's decision in the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1) (parties must seek review within 30 days of receiving notice of final order of Board).

Whether the district court or, instead, the Federal Circuit had jurisdiction to review the Board's adverse action, turns on the nature of the Board's decision in this case. In general, 5 U.S.C. §§ 7702 and 7703 govern judicial review of Board decisions. Section 7703(b)(1) gives the Federal Circuit jurisdiction over "petition[s] to review a final order or final decision of the Board...." 5 U.S.C. § 7703(b)(1); *see also* 28 U.S.C. § 1295(a)(9). There is, however, an exception to Federal Circuit jurisdiction. Section 7703(b)(2) gives jurisdiction to the district courts for "cases of discrimination subject to the provisions of § 7702 of this title...." 5 U.S.C. § 7703(b)(2). Section 7702 lists the categories of cases within the jurisdiction of the district courts. In order to come within one of these categories, the complainant must satisfy two requirements. First, he must have been "affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board." 5 U.S.C. § 7702(a)(1)(A). The types of adverse actions over which the Board has jurisdiction are listed in 5 U.S.C. § 7512. Second, the employee must allege "that a basis for the action was discrimination prohibited by—(i) section 717 of the Civil Rights Act of 1964 (42 U.S.C.2000e–16)...." 5 U.S.C. § 7702(a)(1)(B).

Although §§ 7702 and 7703(b)(2) grant district courts jurisdiction to review Board decisions in mixed-case appeals, the Federal Circuit holds that those provisions do not defeat its jurisdiction under § 7703(b)(1) to review certain decisions in which the Board has dismissed on procedural or threshold grounds. *See Ballentine,* 738 F.2d at 1247. In *Ballentine,* the Board had decided that it lacked jurisdiction over a mixed-case appeal because the complainant, who had been demoted by the U.S. Marshals Service, filed his appeal prematurely. *Id.* at 1245. When the complainant appealed the Board's dismissal to the Federal Circuit, the Board moved to transfer the appeal to district court, which, according to the Board, had jurisdiction over mixed-case appeals pursuant to 5 U.S.C. § 7703(b)(2). *Id.* The Federal Circuit denied the transfer, holding that "[w]hen an appeal has been taken to the [Board], until the discrimination issue and the appealable action have been decided on the merits by the [Board], an appellant is granted no rights to a trial de novo in a civil action...." *Id.* at 1246. The Board in *Ballentine* had not reached the merits; its dismissal on grounds of timeliness was purely procedural. *Id.* at 1248. "[U]ntil the *merits* of a 'mixed' discrimination case are reached by the [Board]," the court continued, "procedural or threshold matters, not related to the merits of a discrimination claim before the [Board], may

---

1. The Department also moved in the district court for dismissal on grounds of improper venue, claiming that Powell should have sued in the Eastern District of Virginia. On appeal, the Department contends that transfer to the appropriate district court is the remedy for improper venue. We find it unnecessary to reach the venue question.

properly be appealed to [the Federal Circuit]." *Id.* at 1247.

Powell uses the statement just quoted to argue that *Ballentine* does not control jurisdiction over her appeal. *Ballentine,* she points out, only applies to mixed-case appeals in which the Board has *not* reached the merits. Powell asserts that here, by contrast, the Board's decision *was* "related to the merits" of her discrimination claim because proof of constructive termination would necessarily be an element of her claim.

Powell is correct that the factual setting of *Ballentine* is not precisely the same as her case. She is not correct in arguing that *Ballentine* has no bearing on the jurisdictional issue. It may be true that evidence of voluntariness or constructive termination is more closely "related to the merits of a discrimination claim" than the timeliness question presented in *Ballentine.* But even if the Board's decision regarding voluntariness is "related to the merits" of Powell's discrimination claim, that decision nevertheless also rested on a "procedural or threshold matter"—the Board's view of its jurisdiction. The Board was quite emphatic on the point: "Appellant has failed to show that the reassignment was involuntary.... [A]ppellant has failed to establish Board jurisdiction.... [A]ppellant's allegations of discrimination, alone, cannot invoke the Board's jurisdiction.... [A]ppellant has not raised issues of fact sufficient to support her claim of jurisdiction...." Powell has offered no good reason[2] why Board decisions based on procedural or threshold matters that *are* related to the merits should not, under *Ballentine,* be reviewable in the Federal Circuit, and two federal courts of appeal have decided that they should be. *See Sloan v. West,* 140 F.3d 1255, 1261–62 (9th Cir.1998); *Wall v. United States,* 871 F.2d 1540, 1543–44 (10th Cir. 1989).

In *Sloan,* a civilian employee of the Army Corps of Engineers had been retroactively promoted to a higher GS level—an action triggering an automatic termination provision ending his employment. *Sloan,* 140

F.3d at 1257. On the employee's administrative appeal of his termination, the Board dismissed, finding that the termination had not been involuntary and that the Board therefore had no jurisdiction over the appeal. *Id.* at 1258. When the employee sought review in district court, the district court also dismissed for lack of jurisdiction, holding that because the Board's dismissal had been on jurisdictional grounds, only the Federal Circuit could review the adverse decision. *Id.* The Ninth Circuit affirmed, stating that even when "the jurisdictional question is intertwined with the discrimination claim," *id.* at 1261, review of an adverse Board decision is proper only in the Federal Circuit. *Id.* at 1262.

Similarly, the Tenth Circuit's *Wall* opinion made it clear that a voluntariness determination by the Board fell within the scope of *Ballentine* and was thus appealable only to the Federal Circuit. *Wall,* 871 F.2d at 1543. In *Wall,* an employee of the Department of Health and Human Services had executed an application for retirement shortly before having his employment terminated. *Id.* at 1541. The employee appealed the termination to the Board, arguing that he had been misled into applying for retirement and claiming wrongful termination based on a physical handicap. *Id.* The Board found that the employee's retirement had been voluntary, and therefore dismissed for lack of jurisdiction. *Id.* at 1542. The employee sought review in the district court, and the Tenth Circuit ultimately affirmed the district court's dismissal for lack of subject matter jurisdiction, holding that only the Federal Circuit had jurisdiction to review a Board decision made on jurisdictional grounds. *Id.*

Powell objects that the courts in *Sloan* and *Wall* failed to provide reasons for extending *Ballentine* to situations like hers, in which the Board's decision on threshold or procedural grounds is related to the merits of a discrimination claim. This system, she tells us, is potentially duplicative: if the Federal Circuit reverses such a Board decision, and the Board reaches the merits on remand,

---

2. We reject Powell's argument that the doctrine of collateral estoppel is likely to preclude mixed-case complainants' litigation of the merits in federal district court after the Federal Circuit has reviewed the related procedural issue.

judicial review would then be in district court. While *Sloan* and *Wall* offered little in the way of analysis, we think the decisions were nevertheless correct. The main point of *Ballentine* is that the boundaries of the Board's jurisdiction should be subject to uniform interpretation in a single forum—the Federal Circuit. *See Ballentine,* 738 F.2d at 1247. To hold that *Ballentine* does not apply in a case such as Powell's would be to undermine *Ballentine.* District courts—and, in appeals, the circuit courts—would wind up determining questions of Board jurisdiction, with potentially inconsistent results. By adopting the approach of *Sloan* and *Wall,* we create no more potential for duplicative judicial review—or more accurately, *successive* judicial review—than that created by *Ballentine* itself.

We are aware that mixed-case complainants like Powell, to be absolutely safe, might see fit to file simultaneously in the Federal Circuit and in the district court. Otherwise, if the complainant chooses the wrong judicial forum for reviewing the Board's decision, he may be unable to obtain any review because the time for appealing in the correct forum has passed. Indeed, even if the complainant chooses the *right* forum or appeals the

Board's jurisdictional dismissal to both courts, he may be unable to obtain any review because the time for pursuing an Equal Employment Opportunity remedy will have run. As the government acknowledged at oral argument, Equal Employment Opportunity Commission regulations provide for tolling if the Board dismisses the appeal for jurisdictional reasons but apparently leave a gap in the tolling when the complainant elects to pursue an appeal of the Board decision in the Federal Circuit. *See* 29 C.F.R. § 1614.302(b). Because this gap in protection is inconsistent with the statutory purpose of preserving the rights of federal employees who seek review of mixed-case appeals in federal district court, we suggest that the agency consider amending its regulations.[3]

*So ordered.*

---

**3.** The district court stated that transfer of this case to the Federal Circuit would be improper because Powell filed her complaint past the time for seeking Federal Circuit review. *See* 5 U.S.C. § 7703(b)(1). We decline to consider whether transfer is appropriate here. Even if this were a case in which the "interests of justice" required such a transfer, *see, e.g., Ramey v. Bowsher,* 9 F.3d 133, 137 (D.C.Cir.1993), Powell has not sought such relief in this court.