**William C. BOYD, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 01–3220.

United States Court of Appeals, Federal Circuit.

Oct. 9, 2001.

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

William C. Boyd ("petitioner") seeks review of the February 7, 2001, final decision of the Merit Systems Protection Board ("Board"), Docket No. DC–0752–00–0790–I–1, dismissing his appeal for lack of juris-

diction. Because the Board did not commit legal error, we *affirm.*

## BACKGROUND

Until December 30, 1997, petitioner was a Transportation Policy Analyst in the Department of Transportation. On May 15, 1997, petitioner signed an agreement to retire under the Department of Transportation's Voluntary Separation Incentive Pay ("VSIP") program, under which he would receive a $25,000 incentive payment. In that agreement, petitioner acknowledged that "[m]y decision to retire is entirely voluntary and has not been coerced." On December 30, 1997, petitioner's retirement became effective and he soon thereafter received his $25,000 incentive payment.

On December 9, 1997, petitioner filed a formal complaint to the Department of Transportation's Office of Civil Rights alleging that he was being forced to retire because of employment discrimination. After some revisions to his allegations, petitioner ultimately alleged that his Department of Transportation supervisor discriminated against him based upon his religion (Protestant) and reprisal for filing previous complaints with the EEOC, making working conditions so hostile and intolerable that petitioner had no choice but to retire. On August 2, 2000, the Department of Transportation issued its final agency decision, finding that petitioner did not meet his burden of proving that he was subjected to discrimination. Petitioner timely appealed this decision to the Board.

On September 20, 2000, the Board's administrative judge issued an Acknowledgement Order noting that retirement is presumed to be voluntary and outside the Board's jurisdiction, and ordered petitioner to provide evidence that the Board had jurisdiction over his appeal. In response, the Department of Transportation filed a motion to dismiss for lack of Board jurisdiction. Petitioner in turn responded by amending his petition to specifically allege that he was coerced into retirement by an intolerable work environment resulting from discrimination, and requested a hearing on the issue of voluntariness.

On January 3, 2001, the administrative judge issued an Initial Decision dismissing the appeal for lack of jurisdiction because petitioner did not establish that his working conditions were rendered so difficult or intolerable that a reasonable person in petitioner's position would have felt compelled to retire. The administrative judge also denied petitioner's request for a hearing because petitioner failed to make a non-frivolous allegation that his retirement was involuntary. The administrative judge's Initial Decision became final on February 7, 2001.

Petitioner timely sought review in this court.

## STANDARD OF REVIEW

Decisions of the Board must be sustained unless they are: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Yates v. Merit Sys. Prot. Bd.,* 145 F.3d 1480, 1483 (Fed.Cir.1998). Whether the Board has jurisdiction over a particular appeal is a question of law which we review without deference. *King v. Briggs,* 83 F.3d 1384, 1387 (Fed.Cir.1996). Petitioner bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i). The question in this case is whether the Board erred in dis-

missing petitioner's appeal for lack of jurisdiction without a hearing.

## DISCUSSION

We have jurisdiction to review the Board's decision because the Board did not reach the merits of petitioner's discrimination claim when it dismissed the appeal for lack of jurisdiction. As a general rule, this court has jurisdiction over final Board decisions. 5 U.S.C. § 7703(b)(1). But appeals of Board decisions involving allegations of discrimination where the Board reached the merits of the discrimination claim must be reviewed by the district courts. 5 U.S.C. § 7703(b)(2); *Williams v. Dep't of Army,* 715 F.2d 1485, 1491 (Fed.Cir.1983). A mere allegation of discrimination does not automatically divest us of jurisdiction; whether jurisdiction lies in this court or in the district courts turns on the nature of the Board's decision. *Powell v. Dep't of Defense,* 158 F.3d 597, 598 (D.C.Cir.1998). When the Board rules on "procedural or threshold matters" we retain jurisdiction over the appeal. *Ballentine v. Merit Sys. Prot. Bd.,* 738 F.2d 1244, 1247 (Fed.Cir.1984). Because the Board's determination of the scope of its own jurisdiction is a "procedural or threshold matter," this court, rather than a district court, reviews the Board's jurisdictional decision. *Synan v. Merit Sys. Prot. Bd.,* 765 F.2d 1099, 1102 (Fed. Cir.1985); *Sloan v. West,* 140 F.3d 1255, 1261 (9th Cir.1998).

The Board's jurisdictional determination here was "procedural" because it did not decide the merits of the discrimination claim, even though it was intertwined with the merits of the discrimination claim. *Powell,* 158 F.3d at 599 (holding that the Board's decision regarding voluntariness rested on a "procedural or threshold matter" even if the decision was also "related to the merits" of the discrimination claim);

*Wall v. United States,* 871 F.2d 1540, 1543 (10th Cir.1989) (holding that where the Board determines that an employee's appeal to the Board is "not appealable" under the statute, review of the Board's jurisdictional determination lies with the Federal Circuit). Thus, because the Board's jurisdictional decision rested on a "procedural or threshold matter," we have jurisdiction over this appeal.

The Board's appellate jurisdiction is not plenary, but rather is limited to those appeals authorized by statute or regulation. *Cruz v. Dep't of the Navy,* 934 F.2d 1240, 1243 (Fed.Cir.1991) (en banc); 5 U.S.C. § 7701(a). Section 7512 of Title 5 limits the Board's jurisdiction to claims involving one of the following adverse employment actions: a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, and a furlough of 30 days or less. 5 U.S.C. § 7512(1)-(5); 5 C.F.R. § 1201.3. The Board has no jurisdiction to hear an appeal from an employee who voluntarily retired, because a voluntary retirement is not an adverse action appealable under § 7512. *Wall,* 871 F.2d at 1541–42. An employee's decision to retire is presumed to be voluntary. *Staats v. United States Postal Serv.,* 99 F.3d 1120, 1123–24 (Fed.Cir.1996). An employee seeking Board review may rebut this presumption of voluntariness by showing that his retirement was the product of agency coercion. *Id.* at 1124. The employee must show, by a preponderance of evidence, that "the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation was the result of improper acts by the agency." *Id.* The employee must make a non-frivolous allegation of jurisdiction to be entitled to a hearing on that issue. *Id.* at 1125; 5 U.S.C. § 7701(a). This require-

ment applies even with respect to a jurisdictional issue such as involuntariness, which is closely tied to the merits of the underlying claim. *Staats,* 99 F.3d at 1125.

In this case, petitioner asserts that the Board failed to consider "allegations regarding [his] working environment" and "established too high a threshold level of proof regarding [his] allegations to conclude that [his] allegations are not non-frivolous." He asserts that he was entitled to a hearing, and that "[i]f [his] allegations of a hostile environment were to be proven in a hearing before the [Board], the [Board] would be obligated to conclude that [his] retirement constituted constructive discharge." In support of his involuntary retirement and hostile work environment claims, petitioner asserted that: he received a "Meritorious" rating rather than a "Distinguished" rating; he was denied an alternative work schedule that "would enable [him] to lengthen [his] weekends at the beach"; he was denied permission to telecommute; and that "[t]he most egregious treatment that [his supervisor] afforded [him] was to assign [him] work and check on [his] work through a junior employee in the office."

The administrative judge held that, as a matter of law, petitioner's allegations, "if true, would [not] render so difficult or intolerable a senior and experienced employee's working environment, that a reasonable person would have felt compelled to retire." The Department of Transportation argues that the administrative judge considered all relevant facts, including petitioner's specific allegations of a "hostile and intolerable" work environment, but viewed those allegations as insufficient to raise a non-frivolous allegation of coercion, and therefore insufficient to warrant a hearing. The Department of Transportation contends that the administrative judge properly denied petitioner's request for a hearing because petitioner failed to make a non-frivolous allegation that his retirement was involuntary, and that the Board accordingly lacks jurisdiction over petitioner's claim.

We agree. On review of the record before us we find that the administrative judge properly considered each of the incidents cited by petitioner as examples of harassment and reprisal. The administrative judge correctly concluded that none of petitioner's allegations constituted a legally-sufficient, non-frivolous showing of coercion, and that petitioner failed to rebut the presumption that his retirement was voluntary. The Board has no jurisdiction over a voluntary retirement, and therefore it properly dismissed petitioner's appeal for lack of jurisdiction. The Board's decision is

*AFFIRMED.*