NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3026
_____

JUAN A. RIVERA, JR.,
                                        Appellant
v.

RAY MABUS, SECRETARY, U.S. DEPARTMENT OF THE NAVY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 10-cv-02790)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2012

Before:  HARDIMAN, GREENAWAY, JR., and GREENBERG, *Circuit Judges*.

(Filed: April 18, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Juan Rivera, Jr., brought an action against the Secretary of the Navy, alleging that he was unlawfully terminated from the Navy and that the Merit Systems Protection Board (MSPB) improperly dismissed his appeal.  The District Court granted the Secretary's motion to dismiss for lack of jurisdiction.  We will affirm.

I

Because we write for the parties, who are well acquainted with the case, we recount only the essential facts and procedural history.

In November 2008, Rivera was hired as a police officer at the Naval Business Center. His appointment was subject to a one-year probationary period. During the probationary period, Rivera applied for a government credit card with Citibank but was denied. Because possession of a government credit card was a condition of employment, the Navy terminated Rivera before the expiration of his probationary period.

Rivera appealed to the MSPB, asserting that his termination was based on circumstances that occurred prior to his appointment and that he was discriminated against based on his Puerto Rican origin, Hispanic race, and diabetes. He subsequently filed a motion to amend his appeal, additionally alleging that his termination constituted an unlawful constructive suitability determination. An administrative law judge (ALJ) dismissed the appeal for lack of jurisdiction.

Rivera sought review of the ALJ's ruling before the full MSPB. The MSPB affirmed on May 7, 2010, concluding that it lacked jurisdiction over Rivera's appeal.[1]

_____

[1] An employee may appeal his termination to the MSPB only if (1) he alleges that it was based on partisan political reasons or marital status, *see* 5 C.F.R. § 315.806, or (2) he was terminated based on conditions arising before his appointment and the termination was not effected in accordance with certain procedural requirements, *see id.* § 315.805. Rivera contended that he was terminated for pre-appointment reasons based on his credit history. The MSPB disagreed, concluding that Rivera actually terminated for his failure

The MSPB instructed Rivera that he could seek review of its ruling in the United States Court of Appeals for the Federal Circuit.

Instead of appealing to the Federal Circuit as instructed, Rivera filed a complaint in the United States District Court for the Eastern District of Pennsylvania, alleging that his termination was pretextual and that the MSPB's jurisdictional ruling was improper. The Secretary filed a motion to dismiss the case for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Federal Circuit has the exclusive authority to hear Rivera's appeal. The District Court granted the Secretary's motion and denied Rivera's motion to alter the judgment. This timely appeal followed.

II

Rivera argues that the District Court had jurisdiction pursuant to 5 U.S.C. § 7703(b), which governs judicial review of MSPB decisions. The District Court held that it lacked jurisdiction under that statute, and we agree.[2]

Section 7703(b) states, in relevant part:

(1) Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit.

(2) Cases of discrimination subject to the provisions of [5 U.S.C. § 7702] shall

---

to obtain a government credit card, which occurred after his appointment. As a result, the MSPB determined that it lacked jurisdiction.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal for lack of subject matter jurisdiction. *Solis v. Local 234, Transp. Workers Union*, 585 F.3d 172, 176 (3d Cir. 2009).

be filed under [42 U.S.C. § 2000e-16(c)].

Therefore, appeals of MSPB rulings must be brought in the Federal Circuit unless they are subject to 5 U.S.C. § 7702. That statute provides for district court jurisdiction only when an employee "(A) has been affected by an action which the employee . . . may appeal to the [MSPB], and (B) alleges that a basis for the action was discrimination prohibited by—(i) [42 U.S.C. § 2000e-16]. . . ." In other words, § 7702 vests district courts with jurisdiction to hear appeals from MSPB rulings only when appellants allege discrimination *and* they could have appealed their terminations to the MSPB. A straightforward reading of these statutory provisions reveals that "an MSPB determination that it lacks jurisdiction to hear a claim is appealable only to the United States Court of Appeals for the Federal Circuit." *Sloan v. West*, 140 F.3d 1255, 1261 (9th Cir. 1998); *accord Burzynski v. Cohen*, 264 F.3d 611, 620 (6th Cir. 2001); *Powell v. Dep't of Defense*, 158 F.3d 597, 599 (D.C. Cir. 1998); *Wall v. United States*, 871 F.2d 1540, 1543 (10th Cir. 1989); *Synan v. Merit Sys. Protection Bd.*, 765 F.2d 1099, 1101 (Fed. Cir. 1985).

In this case, the MSPB held that it lacked jurisdiction to consider Rivera's appeal of his termination. Because the MSPB did not reach the merits of Rivera's appeal, the Federal Circuit was his exclusive avenue for judicial review. Accordingly, we will affirm the order of the District Court dismissing the case for lack of jurisdiction.

4