DYK, Circuit Judge,
dissenting.
In my view, the majority’s jurisdictional holding is inconsistent with the Civil Service Reform Act of 1978 (CSRA), see 5 U.S.C. §§ 7702-03, and with the Supreme Court’s decision in Kloeckner v. Solis, 568 U.S. -, 133 S.Ct. 596, 184 L.Ed.2d 433 (2012). The majority holds that this circuit has jurisdiction to review Merit Systems Protection Board (“Board”) decisions in mixed cases involving discrimination allegations even though, as the Supreme Court recently held, Congress specifically excluded those cases from our jurisdiction and required review in district courts. See 5 U.S.C. § 7703(b)(2); Kloeckner, 568 U.S. -, 133 S.Ct. at 607.
I
Under the CSRA, mixed cases are those in which an employee or applicant for employment “alleges that an appealable agency action was effected, in whole or in part, because of discrimination” prohibited by certain federal anti-discrimination laws. 29 C.F.R. § 1614.302(a)(2); see also 5 U.S.C. § 7702(a)(1). As the majority correctly observes, 5 U.S.C. §§ 7702 and 7703(b)(2) specify that district courts, not this circuit, have jurisdiction to review Board decisions in mixed cases. In Kloeckner, the Supreme Court held that the district courts and not the Federal Circuit have jurisdiction to decide whether a mixed case is barred by procedural error (for example, the failure to timely file). 568 U.S. -, 133 S.Ct. at 604. The majority here nonetheless concludes that if the alleged bar is not “procedural” but instead rests on an alleged lack of “jurisdiction,” the case comes to us and not the district courts.
The majority attempts to find the distinction between jurisdictional Board dismissals and procedural Board dismissals in the text of the statute. See Maj. Op. 1117-18. The majority appears to reason that a mixed case appeal to the Board is not a “[c]ase[] of discrimination subject to the provisions of section 7702” within the meaning of 5 U.S.C. § 7703(b)(2) unless the employee has established the Board’s jurisdiction, including proving that he or she “ ‘has been affected by an action which the employee ... may appeal to the Merit Systems Protection Board.’” See Maj. Op. 1118 (omission in the original) (quoting 5 U.S.C. § 7702(a)(1)(A)).
The majority’s reading of the statute was necessarily rejected in Kloeckner, for *1124 the majority’s approach would equally give our court jurisdiction to review procedural issues in mixed cases. As the government pointed out in Kloeckner, an employee also may only appeal to the Board if he does so within the applicable time limits. See Br. for Resp’t in Opp’n at 15-16, Kloeckner, 568 U.S. -, 133 S.Ct. 596; see also 5 C.F.R. § 1201.154. Sections 7702 and 7703(b)(2) do not draw any textual distinction between different types of Board decisions, and there is no other basis for distinguishing between jurisdictional and procedural dismissals.[1]
Indeed, in Kloeckner, while holding that the district court lacked jurisdiction to determine whether a procedural bar existed, the Eighth Circuit rejected the procedural-jurisdictional distinction, concluding that it rested on “an unpersuasive textual analysis that would require courts to draw difficult and unpredictable distinctions between [Board] non-merits rulings that are ‘jurisdictional,’ and those that are merely ‘procedural.’ ” Kloeckner v. Solis, 639 F.3d 834, 838 (8th Cir.2011), rev’d, 568 U.S. -, 133 S.Ct. 596, 184 L.Ed.2d 433; see also Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, -, 130 S.Ct. 1237, 1243, 176 L.Ed.2d 18 (2010) (“[T]he distinction between jurisdictional conditions and claim-processing rules can be confusing in practice.”).
In the Supreme Court, in Kloeckner, both parties agreed that any distinction between “procedural” and “jurisdictional” Board decisions was without merit. For example, the government argued that the distinction between jurisdictional and procedural dismissals “has no basis.” See Br. for Resp’t at 25 n.3, Kloeckner, 568 U.S. -, 133 S.Ct. 596. It also argued that:
[the] distinction between procedural [Board] dismissals (reviewable in district court) and jurisdictional [Board] dismissals (reviewable only in the Federal Circuit) is difficult and unpredictable. The procedural-jurisdictional distinction rests on the premise that an appeal beyond the [Board]’s jurisdiction does not involve an action which the employee ... may appeal to the Board under Section 7702(a). But that description applies equally to an appeal, like [Kloeck-ner’s], that is not timely filed.
Br. for Resp’t in Opp’n at 15, Kloeckner, 568 U.S. -, 133 S.Ct. 596 (citations and quotation mark omitted). Kloeckner agreed because “determining whether a [Board] ruling was procedural or jurisdictional can be ‘difficult and unpredictable.’ ” See Rep. Br. for Pet’r at 2, Kloeckner, 568 U.S. -, 133 S.Ct. 596 (quoting Br. for Resp’t in Opp’n, supra, at 15).
As the parties recognized, any distinction between “procedural” and “jurisdictional” Board decisions would be unworkable in practice. The Board frequently decides cases on alternate grounds, including both procedural and jurisdictional grounds. See, e.g., Louie v. Dep’t of the Treasury, 211 Fed.Appx. 942, 944 (Fed. Cir.2007) (reviewing the Board’s dismissal of a whistleblowing claim on five alternate grounds, one of which was a lack of jurisdiction); Davenport v. U.S. Postal Serv., 97 M.S.P.R. 417, 417 (M.S.P.B.2004) (dismissing “for lack of jurisdiction and as untimely filed” (emphasis added)); see *1125 also, e.g., Marshall v. Dep’t of the Navy, 84 M.S.P.R. 676, 677-78 (M.S.P.B.2000) (dismissing some allegations as waived, others as abandoned, others as untimely, and still others for lack of jurisdiction).
Given the broad agreement between the parties that it is not possible to meaningfully distinguish between “procedural” and “jurisdictional” Board dispositions, the Supreme Court’s silence as to the distinction can hardly be read to approve it. Quite to the contrary, the Supreme Court has recently emphasized the need for “clear guidance about the proper forum for [an] employee’s claims” under the CSRA. See Elgin v. Dep’t of the Treasury, 567 U.S. -, -, 132 S.Ct. 2126, 2135, 183 L.Ed.2d 1 (2012). The Court’s view is also reflected in the legislative history, which explains that one of the core purposes of the CSRA was to avoid “a bureaucratic maze which ... mires every personnel action in red[]tape, delay, and confusion.” H.R.Rep. No. 95-1403, at 2 (1978). By attempting to draw a line between procedural and jurisdictional issues, the majority reintroduces the very complexity and uncertainty that the Supreme Court rejected in Kloeckner and its prior cases. See Kloeckner, 568 U.S. -, 133 S.Ct. at 604; Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 799, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) (noting the “bizarre jurisdictional patchwork” that would result if the forum for judicial review of Board decisions depended on “whether an employee’s retirement was involuntary or voluntary, and accordingly ... whether the appeal might properly be characterized as an adverse action”).
Compelling employees with claims to Board jurisdiction to raise those issues in the Federal Circuit rather than the district courts disadvantages them by requiring filing in both the Federal Circuit and the district court to preserve their rights. See Powell v. Dep’t of Def., 158 F.3d 597, 600 (D.C.Cir.1998). Yet, as the Supreme Court noted in Elgin, “[t]he CSRA’s objective of creating an integrated scheme of review would be seriously undermined” by such “parallel litigation regarding the same agency action.” Elgin, 567 U.S. at -, 132 S.Ct. at 2135. On the other hand, if the jurisdictional issue is reviewed in district court, and the district court concludes that there is no Board jurisdiction, the employee can pursue other avenues of relief in the same district court forum.
The majority’s other justification for its approach is that our earlier decision in Ballentine v. Merit Systems Protection Board, 738 F.2d 1244 (Fed.Cir.1984), on this jurisdictional point “is still good law” after Kloeckner. Maj. Op. 1119. But Bal-lentine, like Kloeckner, involved the application of rules governing the time for filing. In Ballentine, the employee had filed too early, whereas in Kloeckner, the employee had filed too late. See Kloeckner 568 U.S. at-, 133 S.Ct. at 603; Ballen-tine, 738 F.2d at 1248. Nothing in Ballen-tine drew any distinction between such procedural issues and jurisdiction; rather, the Ballentine rule applied equally to all “threshold matters.” See Ballentine, 738 F.2d at 1246-47. In Kloeckner, the government urged the Supreme Court to adopt this court’s statutory analysis from Ballentine — that procedural and jurisdictional dispositions do not constitute “judicially reviewable actions” under the statute. See Kloeckner, 568 U.S. at -, 133 S.Ct. at 604-05; see also Ballentine, 738 F.2d at 1246-47. The Supreme Court rejected the government’s approach, calling it “a contrivance! ] found nowhere in the statute’s provisions on judicial review” and holding that “[a] federal employee who claims that an agency action appealable to the [Board] violates an antidiscrimination statute listed in § 7702(a)(1) should seek *1126 judicial review in district court, not in the Federal Circuit,” whether the Board “decided her case on procedural grounds or instead on the merits.” Kloeckner, 568 U.S. at -, 133 S.Ct. at 604, 607. Nothing in Kloeckner preserved the supposed separate holding in Ballentine that “jurisdictional” Board dispositions are to be reviewed here.[2]
II
Quite apart from the majority’s misguided attempt to distinguish between “jurisdictional” and “procedural” Board dispositions, it cannot be that we lack jurisdiction to review the “merits” of mixed cases but nevertheless may review “jurisdictional” issues that are identical to the merits of the discrimination claim in mixed constructive adverse action cases.[3] Constructive adverse action cases, perhaps the most common type of mixed cases, are cases in which the employee resigns but contends that the resignation was coerced, and therefore inoperative. See, e.g., Garcia v. Dep’t of Homeland Sec., 437 F.3d 1322, 1324 (Fed.Cir.2006) (en banc). In Garcia, we held that, in constructive adverse action cases, an employee must prove involuntariness by a preponderance of the evidence in order to establish jurisdiction'— the same burden of proof applicable on the merits.[4] 437 F.3d at 1344. Thus, in constructive adverse action cases, the Board’s jurisdiction and the merits are “ ‘inextricably intertwined,’ ” so much so that “[i]f it is established that a resignation is involuntary, the [Board] not only has jurisdiction, ‘but also the employee wins on the merits.’ ” Shoaf v. Dep’t of Agric., 260 F.3d 1336, 1341 (Fed.Cir.2001) (quoting Schultz v. U.S. Navy, 810 F.2d 1133, 1136 (Fed. Cir.1987)). In other words, in constructive adverse action cases, in general, “the jurisdictional stage is the end of the line before the Board; there is no independent ‘merits’ phase.” Lloyd v. Small Bus. Admin., 96 M.S.P.R. 518, 528 (M.S.P.B.2004) (McPhie, Acting Chairman, concurring).[5]
*1127 The majority attempts to avoid this difficulty by suggesting that coercion (and therefore Board jurisdiction) might be found without proof of discrimination. See Maj. Op. 1120. But while an employee might advance such an alternative theory of relief, an employee whose sole claim is that his resignation was coerced by discrimination must prove that the discrimination existed in order to prove coercion (and therefore Board jurisdiction). See Cruz v. Dep’t of the Navy, 934 F.2d 1240, 1244 (Fed.Cir.1991) (en banc). In such cases, proving the merits of the employee’s discrimination claim is necessary to establish Board jurisdiction and the two issues are therefore hardly “distinct.”[6]
Under the majority’s decision, involuntary retirement claims involving discrimination allegations will almost never be addressed in the district courts. We will either find that there is jurisdiction (and that the employee therefore prevails on the merits) .or that the retirement was voluntary (and the employee therefore loses on the merits). This anomalous approach turns Congress’ clear intent on its head, requiring that we address the type of fact-intensive inquiries into matters such as voluntariness and discrimination, for which Congress specifically found review in district courts “more appropriate.” 5.Rep. No. 95-969, at 63 (1978), 1978 U.S.C.C.A.N. 2723.
This is also made clear by § 7702(e)(3), which clearly states that “[njothing in this section shall be construed to affect the right to trial de novo” on the employee’s discrimination allegations. 5 U.S.C. § 7702(e)(3). Yet that is precisely what the majority’s construction of the statute does in constructive adverse action cases. If we find that the employee has established jurisdiction, then he also necessarily wins on the merits, Shoaf 260 F.3d at 1341, and there is thus no need for a trial de novo, except perhaps on the scope of relief. If we find that the employee failed to establish jurisdiction, then there is no claim on the merits and no need for a trial de novo. Thus, there is, as a practical matter, almost no circumstance in which there can be a trial de novo in the district court. Contrary to the majority’s insistence, under our cases an employee cannot establish Board jurisdiction yet “lose[ ] her mixed case appeal on the merits of her discrimination claim” and then seek review in district court. Maj. Op. 1115.
In sum, the majority’s effort to preserve our authority to review “jurisdictional” issues in mixed cases (particularly in constructive adverse action cases) is contrary *1128 to Kloeckner and the statute. I respectfully dissent.

. Notably, where Congress intended to distinguish between different types of Board decisions, it did so expressly. See 5 U.S.C. § 3330b(b) ("An election under this section may not be made ... after the [Board] has issued a judicially reviewable decision on the merits of the appeal.” (emphasis added)); 5 U.S.C. § 7703(a)(2) ("The Board shall be named respondent in any proceeding brought pursuant to this subsection, unless the employee ... seeks review of a final order or decision on the merits....” (emphasis added)).

. The majority also makes much of pre-Kloeckner cases from other circuits which held that we have jurisdiction over Board jurisdictional dispositions. See, e.g., Maj. Op. 1116-17. Those cases all relied, either directly or indirectly, on the Ballentine approach which the Supreme Court deemed erroneous in Kloeckner. See, e.g., Harms v. Internal Revenue Serv., 321 F.3d 1001, 1007 & n. 2 (10th Cir.2003) (citing Wall v. United States, 871 F.2d 1540, 1542-43 (10th Cir.1989) (citing Ballentine)).

. While it is true that whére jurisdiction is established the scope of merits relief may present additional issues, see Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1341 (Fed. Cir.2006) (en banc), there can be no jurisdiction unless the employee establishes the existence of discrimination.

. In this case, the Board found that Conforto failed even to make a non-frivolous allegation that her retirement was involuntary, and thus held that she was not entitled to a jurisdictional hearing. The majority refers to this non-frivolous allegation standard. See Maj. Op. 1121. Under Garcia, however, an employee must ultimately prove involuntariness by a preponderance of the evidence to establish jurisdiction. 437 F.3d at 1344.

.As I spelled out in my dissent in Garcia, this conflating of the jurisdictional and merits tests is itself contrary to the statute. On its face, section 7702 imposes no requirement that an employee prove the merits of his adverse action claim in order to invoke its procedures. The most natural reading of section 7702(a)(1) is that it merely describes the type of allegations that constitute mixed cases “subject to the provisions of section 7702.” See 5 U.S.C. § 7703(b)(2), That is how the Supreme Court read the statute in Kloeckner. See 568 U.S. at -, 133 S.Ct. at 607 ("A federal employee who claims that an agency action appealable to the [Board] violates an antidiscrimination statute listed in § 7702(a)(1) should seek judicial review in district court....” (emphasis added)). So too, it is how our sister circuits have read the statute. E.g., Downey v. Runyon, 160 F.3d *1127 139, 143 (2d Cir.1998) (“Mixed appeals to the [Board] are those appeals alleging an appeal-able action affected in whole or in part by prohibited discrimination.” (emphasis added)); Powell, 158 F.3d at 597 (defining “a 'mixed case' appeal” as "an appeal alleging both a Board-jurisdictional agency action and a claim of unlawful discrimination" (emphasis added)); Christo v. Merit Sys. Prot. Bd., 667 F.2d 882, 883 (10th Cir.1981) (describing a mixed case as “containing both a claim of improper agency action and a claim of discrimination” (emphasis added)), vacated, 667 F.2d 882 (10th Cir.1982). A plain reading of § 7702 is that it applies to all cases involving allegations of an adverse action and allegations of discrimination. Nothing in the statute indicates that the Board lacks jurisdiction unless discrimination is established by a preponderance of the evidence.

. The majority also suggests that the jurisdictional holding — even if identical to the merits — would not give rise to collateral estoppel. See Maj. Op. 1120 n.4. The circuit cases cited by the majority were decided before Garcia and assumed that the jurisdictional and merits issues were different, not that they were identical. See, e.g., Sloan v. West, 140 F.3d 1255, 1262 n. 20 (9th Cir.1998) ("Ordinarily, collateral estoppel would not apply because the discrimination issues would not be actually litigated and necessarily determined in the appeal." (quotation marks omitted)).