# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 18, 2015       Decided July 22, 2016

No. 14-1155

ANTHONY W. PERRY,
PETITIONER

v.

MERIT SYSTEMS PROTECTION BOARD,
RESPONDENT

On Petition for Review of a Decision
of the Merit Systems Protection Board

*Rebecca Taibleson*, appointed by the court, argued the cause for petitioner. With her on the briefs were *Devin S. Anderson* and *Christopher Landau*, all appointed by the court.

*Anthony W. Perry*, pro se, filed the brief for petitioner.

*Stephen W. Fung*, Attorney, Merit Systems Protection Board, argued the cause and filed the brief for respondent.

Before: GRIFFITH, SRINIVASAN and MILLETT, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SRINIVASAN.

SRINIVASAN, *Circuit Judge*:  When a federal agency takes a significant adverse employment action against an employee, the employee can appeal to the Merit Systems Protection Board.  If the Board then rules against the employee, she can seek review of the Board's decision in a federal court.  But which federal court?  That is the question we confront in this case.  There are two possible answers:  the Federal Circuit or a federal district court.

As a general matter, Board decisions are reviewed in the Federal Circuit.  An exception to that default rule arises with so-called "mixed cases."  Mixed cases are ones in which an employee not only challenges an adverse action within the Board's jurisdiction but also alleges discrimination in violation of certain federal statutes.  If the Board in a mixed case rules against the employee on the merits of her discrimination claim, she must seek review in district court, not the Federal Circuit.

Our court has held, though, that the mixed-case exception does not apply if the Board dismisses the employee's appeal for lack of jurisdiction without reaching the merits of her discrimination claim.  In that circumstance, review lies in the Federal Circuit rather than district court.  *Powell v. Dep't of Def.*, 158 F.3d 597 (D.C. Cir. 1998).  This case involves exactly that situation.  So in the normal course, our precedent in *Powell* would straightforwardly dictate transferring this case to the Federal Circuit.

It turns out the path is not so straightforward because of the Supreme Court's intervening decision in *Kloeckner v. Solis*, 133 S. Ct. 596 (2012).  In *Kloeckner*, the Court held that when the Board dismisses a mixed-case appeal without reaching the merits on a procedural ground—there,

untimeliness—judicial review resides in district court (as when the Board reaches the merits), not the Federal Circuit. The question we now address is whether *Kloeckner* effectively overruled our decision in *Powell*. That is, does *Kloeckner*'s result for pre-merits *procedural* dismissals eviscerate *Powell*'s contrary result for pre-merits *jurisdictional* dismissals?

We find that the answer is no, and that we remain bound by our precedent in *Powell*. We therefore transfer this case to the Federal Circuit.

I.

Anthony Perry, the appellant in this case, worked for the Census Bureau until 2012. In 2011, the Bureau sent Perry a memorandum notifying him that he would be terminated because of problems with his attendance. The Bureau alleged that Perry had refused to document his hours properly and had been absent from his desk for hours at a time. Perry responded, explaining that he had an informal agreement with his supervisor allowing him to take walking breaks during the workday due to his osteoarthritis.

In August 2011, Perry entered into a settlement agreement with the Bureau. The agreement settled the disciplinary action in exchange for Perry's early retirement and his completion of a thirty-day suspension. It also required Perry to dismiss discrimination claims he had separately filed with the Equal Employment Opportunity Commission. Although Perry later expressed his desire to continue working, he retired in April 2012 per the settlement agreement.

Perry then appealed his suspension and retirement to the MSPB. He alleged that the Bureau's complaints about his performance resulted from discrimination based on his race, age, and disability, and also constituted retaliation against him for bringing his discrimination claims. Perry further claimed that, because of the discrimination and because the Bureau had misrepresented his appeal rights, his settlement agreement with the Bureau had been coerced.

The MSPB's jurisdiction hinged on Perry's claim that the settlement had been involuntary: because the Board generally lacks jurisdiction to review voluntarily accepted actions, *see* 5 U.S.C. § 7512(1)-(5); 5 C.F.R. § 752.401(b)(9); *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006), its jurisdiction in this case depended on the validity of Perry's contention that the settlement—and hence, the resulting suspension and retirement—had been involuntary. An administrative law judge rejected Perry's claims of coercion, finding that the retirement and suspension had been imposed pursuant to a voluntary agreement. The judge thus dismissed the case for lack of jurisdiction. The MSPB, after remanding the case once for reasons not relevant here, affirmed the dismissal for lack of jurisdiction.

Perry, proceeding pro se, filed a petition for review of the Board's dismissal in this court. We appointed an amicus curiae to present argument on whether this court has jurisdiction, and, if not, whether the case should be transferred to the Federal Circuit or a federal district court. Because Perry has fully joined amicus's arguments on those issues, we will refer to them collectively as Perry.

5

II.

The question we confront is which federal court has jurisdiction to review the Board's dismissal of Perry's case. We can quickly rule out one court—ours. Although Perry initially petitioned for review in this court, he now acknowledges that this court lacks jurisdiction. The Board agrees, and so do we. The statute under which Perry initially brought the case to us, 5 U.S.C. § 7703(b)(1)(B), allows for jurisdiction in any court of appeals over cases in which the employee exclusively makes whistleblower claims. That provision, as all parties agree, has no application to this case.

Although this court lacks jurisdiction, we can transfer the case to a court in which it could have been brought originally. *See* 28 U.S.C. § 1631. And while the parties agree that the case should be transferred from here, they disagree about where it should go. Perry contends that jurisdiction to review the Board's decision lies in federal district court. The Board argues that the case instead belongs in the Federal Circuit. We conclude that our precedent requires transferring the case to the Federal Circuit.

Before turning to which court has jurisdiction to review the MSPB's decision, we briefly set out which cases can go to the Board in the first place. Not every type of adverse employment action can be appealed to the Board. Rather, to come within the Board's jurisdiction, the action must be sufficiently serious—e.g., a termination or a suspension of longer than fourteen days. *See* 5 U.S.C. §§ 7512, 7513(d). Additionally, as explained, the contested action generally cannot have been voluntarily undertaken by the employee.

Let's assume the employee brings to the Board a case that meets those criteria and thus lies within the MSPB's

jurisdiction. If the Board renders a decision against her, she may seek judicial review pursuant to the Civil Service Reform Act, 5 U.S.C. § 1101 *et seq.* As a general matter, review of Board decisions lies in the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A). There is an exception to that rule for certain "[c]ases of discrimination," as to which review lies in federal district court. *Id.* § 7703(b)(2).

The statute defines the cases falling within that exception as ones in which an employee "(A) has been affected by an action which [she] may appeal to the Merits Systems Protection Board, and (B) alleges that a basis for the action was discrimination prohibited by" enumerated federal laws. *Id.* § 7702(a)(1). Such cases have come to be known as "mixed cases." *E.g.*, *Kloeckner*, 133 S. Ct. at 602, 604. The upshot is that, whereas review of MSPB decisions normally resides in the Federal Circuit, "mixed cases—those appealable to the MSPB and alleging discrimination"—"shall be filed in district court." *Id.* at 604.

But where should an employee seek judicial review in a situation in which she brought to the MSPB what she believed was a mixed case, but the Board dismissed her appeal for lack of jurisdiction upon deciding that the case was not in fact "appealable to the MSPB"? *Id.* That happened here: Perry sought review in the MSPB of a case in which he "alleg[ed] discrimination," *id.*, but the Board dismissed his appeal for lack of jurisdiction based on a conclusion that his retirement and suspension had been voluntary.

We previously faced the same situation in *Powell v. Department of Defense*, 158 F.3d 597. There, after concerns had been raised about Lawana Powell's absences from work, she agreed to a transfer to a temporary position which expired soon thereafter. *Id.* at 597. Powell appealed to the MSPB,

arguing that her separation had been involuntary and that the agency had discriminated against her. *Id.* The Board dismissed her appeal for lack of jurisdiction upon finding that her acceptance of the transfer had been voluntary. *Id.* at 597-98. She sought review in district court on the assumption that her case was a mixed case. But the district court "ruled that Powell's case was not a true mixed case because it included only a discrimination claim and not a Board-jurisdictional claim." *Id.* at 598. We agreed, holding that the Federal Circuit—not the district court—was the proper forum for Powell's appeal. *Id.* at 599-600.

*Powell* is materially indistinguishable from this case. Like Powell, Perry resolved a disciplinary issue by agreeing to a significant employment action that could be appealed to the Board if involuntary (in this case, mandatory retirement and a thirty-day suspension). Like Powell, Perry then claimed that his agreement had been involuntary due to discrimination. As in *Powell*, the Board disagreed, finding that the agreement was voluntary and thus dismissing the appeal for lack of jurisdiction. And like Powell, Perry contends that review of the Board's dismissal lies in district court. We rejected that argument in *Powell*. As a result, unless there has been some controlling change in the law in the interim, our precedent in that case would require us to conclude that Perry's appeal, like Powell's, belongs in the Federal Circuit rather than in district court.

Perry argues that *Powell* no longer binds us because of the Supreme Court's intervening decision in *Kloeckner v. Solis*, 133 S. Ct. 596. As we have explained, "a circuit precedent eviscerated by subsequent Supreme Court cases is no longer binding on a court of appeals." *Dellums v. U.S. Nuclear Regulatory Comm'n*, 863 F.2d 968, 978 n.11 (D.C. Cir. 1988). "The question" for us is whether the intervening

Supreme Court decision "effectively overrules, *i.e.*, 'eviscerates'" our prior precedent. *United States v. Williams*, 194 F.3d 100, 105 (D.C. Cir. 1999) (alteration omitted) (quoting *Dellums*, 863 F.3d at 978 n.11), *abrogated on other grounds by Apprendi v. New Jersey*, 530 U.S. 466 (2000). Here, consequently, we ask whether *Kloeckner* "effectively overrules" or "eviscerates" *Powell*, such that *Powell* is incompatible with *Kloeckner*. We conclude it does not.

For starters, all sides agree that *Kloeckner* did not involve the precise issue raised by both this case and *Powell*. *See* Amicus Reply Br. 9-10 n.2; Respondent Br. 18-21. In the latter cases, the Board dismissed the employee's appeal for lack of jurisdiction, holding that it could not hear the appeal because the challenged action was voluntary. *See Powell*, 158 F.3d at 597-98. *Kloeckner* did not involve a jurisdictional dismissal. There was no doubt that Kloeckner alleged an adverse action within the Board's jurisdiction—she had been fired. *Kloeckner*, 133 S. Ct. at 602. The Board instead dismissed her claim on the procedural ground of untimeliness. *Id.* at 603. And each time the *Kloeckner* Court described the question before it, it specifically defined the issue by reference to MSPB dismissals on "procedural grounds." *Id.* at 600, 602, 603, 607.

The Court did so, moreover, with awareness of the potential distinction between procedural and jurisdictional dismissals. In explaining that it had granted review to "resolve a Circuit split on whether an employee seeking judicial review should proceed in the Federal Circuit or in a district court when the MSPB has dismissed her mixed case on procedural grounds," the Court cited—as the cases making up the district-court side of the split—decisions from the Second and Tenth Circuits. *Id.* at 603 & n.3 (citing *Harms v. IRS*, 321 F.3d 1001 (10th Cir. 2003); *Downey v. Runyon*, 160

F.3d 139 (2d Cir. 1998)). And in both of those decisions, the courts of appeals had suggested a distinction between procedural and jurisdictional dismissals. *See Harms*, 321 F.3d at 1007-08; *Downey*, 160 F.3d at 145-46. In *Harms*, the Tenth Circuit expressly drew a divide between "dismissals by the MSPB on procedural . . . grounds," which it held must be appealed to district court, "as opposed to [dismissals on] jurisdictional[] grounds," which under that court's precedent must go to the Federal Circuit. 321 F.3d at 1007. The Supreme Court in *Kloeckner*, aware of the Tenth Circuit's decision in *Harms*, repeatedly said that it was addressing only the proper forum for appealing MSPB dismissals on "procedural grounds."

In the oral argument in *Kloeckner*, the Justices' questions likewise manifested awareness of the potential distinction between procedural and jurisdictional dismissals. Justice Sotomayor, after noting that "[e]very circuit court unanimously holds that jurisdictional dismissals should go only to the Federal Circuit," suggested that the argument for Federal-Circuit jurisdiction "has more legs" in the jurisdictional context because "[t]he point is that you're only permitted to go to district court on issues of discrimination that are within the Board's jurisdiction." Transcript of Oral Argument at 21-22, *Kloeckner*, 133 S. Ct. 596 (No. 11-184) (Resp. Supp. App. 22-23). Similarly, Justice Kagan—who would later author the Court's unanimous opinion—observed that there "seem[ed] to be a good deal of difference between the question, what happens to something that is clearly a mixed case, and alternatively, the question of whether something is a mixed case; that is, whether it includes a claim about an action which the employee may appeal to the MSPB." *Id.* at 23-24 (Resp. Supp. App. 24-25). She suggested that "one could think that questions about what can be appealed to the MSPB ought to go to the Federal [C]ircuit

under this statutory language in a way that questions that are involved in this case do not." *Id.* at 24 (Resp. Supp. App. 25).

Of course, we do not mean to suggest that statements made in the course of questioning at oral argument can profitably be parsed for reliable indications of the speaker's position on the subject addressed. We therefore do not cite the Justices' questions during the *Kloeckner* oral argument in support of the proposition that they had necessarily decided there is a material distinction between procedural and jurisdictional dismissals (with the former appealed to district court and the latter to the Federal Circuit). Rather, the Justices' questions—like the Court's citation of the Second and Tenth Circuits' opinions—indicate something more modest: *awareness* of the possibility of such a distinction. In that light, we understand *Kloeckner*'s repeated (and consistent) references to "procedural" dismissals to have been made in the context of awareness of an argument that jurisdictional dismissals are different.

Of course, even though *Kloeckner* involved procedural rather than jurisdictional dismissals, and even assuming the Court fashioned its decision with awareness that the distinction might be a material one, in theory the Court still might have "effectively overrule[d]" our precedent in *Powell* if its decision in fact turned out to be incompatible with *Powell*. *Williams*, 194 F.3d at 105; *see Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 664-66 (D.C. Cir. 2013). But unless *Powell* has been eviscerated in that manner, we, as a panel, have no leeway to depart from it. We find no such incompatibility here. In reaching that result, we agree with the one other court of appeals to have addressed the same issue: the Federal Circuit has held that its pre-*Kloeckner* decisions directing appeals from MSPB jurisdictional dismissals to its own court remain good law in the wake of

*Kloeckner*. *Conforto v. MSPB*, 713 F.3d 1111, 1116-19 (Fed. Cir. 2013). We arrive at the same conclusion about our own parallel precedent in *Powell*.

In finding that *Powell* is not necessarily incompatible with *Kloeckner*, we focus on the statute's description of a mixed case. Recall that an appeal from an MSPB decision generally belongs in the Federal Circuit unless the case appealed from is a mixed case, in which event review lies in the district court. The statute describes a mixed case as one in which the employee both alleges discrimination and "has been affected by an action which [she] *may appeal* to the" MSPB. 5 U.S.C. § 7702(a)(1)(A) (emphasis added). *Kloeckner* thus describes "mixed cases" as "those *appealable to the MSPB* and alleging discrimination." 133 S. Ct. at 604 (emphasis added).

The emphasized statutory language suggests a distinction between jurisdictional dismissals (like those in this case and *Powell*) and procedural dismissals (like the one in *Kloeckner*). *See Conforto*, 713 F.3d at 1118. As to the former, when an employee brings a case she believes qualifies as a mixed case to the MSPB but the Board dismisses her appeal based on a lack of jurisdiction, the Board necessarily concludes that she has not "been affected by an action which [she] may appeal to the" MSPB. 5 U.S.C. § 7702(a)(1)(A). She instead has been affected by an action which she may *not* appeal to the MSPB. The case, in other words, turns out not to be a mixed case after all—it is not one "appealable to the MSPB." *Kloeckner*, 133 S. Ct. at 604.

When the Board dismisses an appeal on a procedural ground, however, the case may still be viewed as one in which the employee was "affected by an action which [she] may appeal to the" MSPB. 5 U.S.C. § 7702(a)(1)(A). In

such cases, the action was amenable to an appeal to the Board, but her appeal was dismissed on some procedural ground. In *Kloeckner*, accordingly, the Court said that "[n]o one here contests that Kloeckner brought a mixed case—that she was affected by an action (*i.e.*, removal) appealable to the MSPB and that she alleged discrimination." 133 S. Ct. at 604. The Board dismissed her appeal, not because the case was unappealable, but because the appeal was untimely. *Id.*

Perry argues that *Kloeckner* eviscerates any effort to distinguish between jurisdictional and procedural dismissals on the theory that only the latter involves "an action which the employee . . . may appeal to the" MSPB. 5 U.S.C. § 7702(a)(1)(A). According to Perry, even if *Kloeckner* described mixed cases as ones "appealable to the MSPB," that language is no less applicable to appeals dismissed on procedural grounds than to appeals dismissed on jurisdictional grounds. In either case, Perry contends, the case was not "appealable to the MSPB." *See Kloeckner*, 133 S. Ct. at 604. The Federal Circuit found that argument unpersuasive. *See Conforto*, 713 F.3d at 1118 n.1. We, too, conclude that the argument does not compel finding *Kloeckner*'s result for procedural dismissals incompatible with *Powell*'s result for jurisdictional dismissals.

First, jurisdictionally barred appeals differ from procedurally barred appeals because the former were never "appealable to the MSPB." *Kloeckner*, 133 S. Ct. at 604. In the latter situation, by contrast, the employee can be seen to have "been affected by an action which [she] may appeal to the" MSPB. 5 U.S.C. § 7702(a)(1)(A). That statutory language draws attention to the contested "action," and in the case of a procedural dismissal, the *action* affecting the employee is one she can appeal to the Board. It may turn out that she brings her appeal in a procedurally deficient

fashion—such as by bringing it too late—but the action itself was appealable. That is not the case with a jurisdictional dismissal.

In addition, with procedurally defective appeals, unlike jurisdictionally barred appeals, the Board can excuse the procedural error and permit the appeal to go forward. As the Federal Circuit explained, the "Board has the authority to entertain appeals that are procedurally defective under its own regulations, but it may not hear a case over which it lacks jurisdiction." *Conforto*, 713 F.3d at 1118 n.1 (citation omitted). The applicable regulations give the Board discretion to "revoke, amend, or waive" any regulatory requirement "unless a statute requires application of the regulation." 5 C.F.R. § 1201.12; *see also* 5 C.F.R. § 1201.22(c) (enabling Board to excuse untimeliness if "a good reason for the delay is shown").

For those reasons, procedural dismissals can be understood to involve an employee "affected by an action which [she] may appeal to the Board," in a way that jurisdictional dismissals cannot. 5 U.S.C. § 7702(a)(1)(A). That suffices to show that *Kloeckner* did not necessarily overrule or eviscerate *Powell*.

Finally, Perry raises a series of arguments that equally could have been made at the time we decided *Powell*. For instance, he contends that the statute contains a number of deadlines whose effective operation would require knowing whether a case qualifies as a mixed case in advance of the Board's ultimate decision about its jurisdiction. *See, e.g.*, *id.* § 7702(a)(2), (e)(1)(B), (e)(2). As a result, he submits, the forum for judicial review cannot vary based on the Board's eventual decision about its jurisdiction. Such a result, Perry further contends, would give rise to unwarranted uncertainty

about the proper forum for judicial review. Whatever else may be true about those arguments, we have no occasion to consider them for the following reason: they gain no additional traction from the Supreme Court's decision in *Kloeckner*, and we therefore have no authority to rely on them as a basis for reconsidering our precedent in *Powell*.

The same is true of Perry's argument that it would make sense for judicial review to reside in federal district courts because jurisdictional dismissals grounded in the voluntariness of the challenged employment action (as in this case) can overlap with the merits of a discrimination claim. That contention not only could have been made in *Powell*, but we in fact specifically considered (and rejected) it. *See* 158 F.3d at 599-600. *Kloeckner* affords us no license to revisit that conclusion. Rather, we are bound to adhere to *Powell*'s direction that, when the Board dismisses an appeal for lack of jurisdiction, "the boundaries of the Board's [own] jurisdiction should be subject to uniform interpretation in a single forum—the Federal Circuit." *Id.* at 600.

In short, we remain bound by *Powell*. And in accordance with our precedent in that case, we transfer this petition for review to the Federal Circuit.

*So ordered.*